# CHARLESTON.

## NORMAN *v.* VIRGINIA-POCAHONTAS COAL COMPANY.

Submitted September 3, 1909.   Decided December 13, 1910.

1. MASTER AND SERVANT—*Injury to Servant—Negligence—Violation of Statute.*

    A violation of the statute inhibiting the employment of boys under fourteen years of age in coal mines constitutes actionable negligence whenever that violation is the natural and proximate cause of an injury.

2. SAME — *Injury to Servant — Proximate Cause — Violation of Statute.*

    The violation of the statute is rightly considered the proximate cause of any injury which is a natural, probable, and anticipated consequence of the non-observance.

3. SAME—*Illegal Employment of Child—Injury—Liability.*

    The employer is not, as a matter of law, chargeable with all injuries that result during the unlawful employment. He is only liable for those injuries against which the statute is intended to guard.

4. SAME—*Assumption of Risk—Illegal Employment of Child.*

    If the employment is unlawful, the servant cannot be held to

68 W. Va.

have assumed the risks incident thereto, including the risk of injury by fellow servants.

5. SAME—*Injury to Servant—Unlawful Employment of Child—Action—Contributory Negligence.*

Contributory negligence on the part of a boy injured in the unlawful employment may avail the employer as a defense, unless it be the same that must reasonably be anticipated as a probable consequence of the non-observance of the law.

6. SAME—*Injury to Servant—Unlawful Employment of Child—Action—Misrepresentation of Age.*

The fact that the boy misrepresented his age does not preclude him in an action for damages caused by violation of the statute.

7. SAME—*Unlawful Employment of Child—Liability.*

The employer must secure the affidavit of the parent or guardian, otherwise he will not be protected as to the age unless he can establish that the boy is actually over fourteen years.

Error to Circuit Court, McDowell County.

Action by James Norman against the Virginia-Pocahontas Coal Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*W. B. Kegley* and *Anderson, Strother & Hughes,* for plaintiff in error.

*Ritz & Litz,* for defendant in error.

ROBINSON, PRESIDENT:

By the statute law of this State it is provided: "No boy under fourteen years of age * * * * * * * shall be permitted to work in any coal mine, and in all cases of doubt, the parents or guardians of such boys shall furnish affidavits of their ages." Code, Supplement 1909, chapter 15H, section 17. Following this inhibition, punishment by fine or imprisonment is prescribed to be imposed upon any operator, agent or mine foreman who shall be convicted of knowingly violating the mandate. This statute is enforceable as a criminal or penal one. Its terms prescribe no other liability for its violation than fine or imprisonment. The case which we are now to consider involves the applicability of this statute to a suit for damages arising from an injury alleged to have been caused by its violation.

Though the statute provides only for a fine or imprisonment, still an action lies for damages caused by its non-observance. The plaintiff, if his allegations are true, is one of a class for the benefit of which the statute was enacted. Any boy under the age of fourteen years who is injured by reason of his unlawful employment in a coal mine may maintain a civil action for damages in the premises against the mine operator, agent or foreman who has failed to observe the law and thereby caused the boy's injury. . "One who disobeys the law subjects himself to any proceeding, civil or criminal, which the same law has ordained for the particular case. In the absence of which ordaining, or in the presence of it when not interpreted as excluding other methods, he is liable to those steps which the common law has provided for cases of the like class; as, to an indictment, or to a civil action, or to both, according to the nature of the offending. The civil action is maintainable. when, and only when, the person complaining is of a class entitled to take advantage of the law, is a sufferer from the disobedience, is not himself a partaker in the wrong of which he complains, or is not otherwise precluded by the principles of the common law from his proper standing in court." Bishop on Non-contract Law, section 141.

Many and varied are the views that have been expressed as to the consideration of evidence in regard to violation of a statute in cases like the one at hand. It is not our purpose to cite and review the decisions on the subject. In explanation of the state of judicial holding in this behalf, it suffices to quote from two well known texts: "Upon this subject one idea is, that the hiring of a boy under twelve years of age in violation of a statute declaring it to be a misdemeanor, constitutes negligence *per se,* such as will render the employer liable for injuries suffered in consequence of and in the course of the employment. Another view is, that to employ a child in violation of such a statute to operate a dangerous machine is *evidence of negligence* in case the child is injured while so working, because the statute indicates that such children are unfit by reason of their immaturity and indiscretion to be so employed. But the view which more nearly comports with juridical analogies is, that such an unlawful employment of a child does not *per se* constitute negligence which will render the employer liable for

injuries to the child, where such employment is not the direct or proximate cause of the injury." IV Thompson on the Law of Negligence, section 3827. "Although the defendant's violation of a statute or ordinance and the plaintiff's injuries consequent thereupon be shown, the former will not be liable merely because his act constituted a violation of a state or municipal law, but only if it proximately caused the injuries complained of. It has been held indeed that the same principles as to natural and proximate cause are applicable whether the act alleged to constitute negligence was a violation of a statutory duty or the violation of some duty under general principles of law. And even though violation of a statute or ordinance is held to be negligence *per se,* causal connection between the act and the injuries must still be established, which latter requirement shows conclusively that where courts lay down the rule that the violation of a statute or ordinance is negligence *per se,* they do not mean actionable negligence because actionable negligence includes the notion of proximate cause. * * * * * * The cases are notoriously in conflict on the point under discussion if their language alone is considered. The statement that the violation of a statute or ordinance is negligence *per se* is certainly erroneous if actionable negligence is meant, and misleading if only negligence which is not actionable, or negligence 'without results', is intended. So it is believed to be an erroneous view that the violation of a statute or ordinance is even *prima facie* evidence of actionable negligence, in the sense that the jury is bound so to regard it. The true rule is believed to be—and comparatively few cases when carefully studied will be found to be in conflict with it—that the fact that the defendant's act complained of was a violation of a statute or ordinance is merely a circumstance to be considered by the jury on the question of negligence, except when the court can say as a matter of law that the consequence against which the statute or ordinance was intended to provide have actually ensued from its violation." 21 Am. & Eng. Enc. Law, 480.

The point is one of first instance with us. We adopt the view that seems consonant with reason. Briefly stated, it is this: The violation of the statute is actionable negligence whenever that violation is the natural and proximate cause of an injury. The true question to be determined in an action based upon a

failure to obey a statute like the one under consideration is: Did the unlawful employment cause the injury? The trial of the case must be guided by this question. If the injury complained of is a natural and probable consequence of a violation of the statute, then that violation is correctly taken as the proximate cause of the injury. If the very injury has happened which was intended to be prevented by the statute law, that injury must be considered as directly caused by the non-observance of the law. But if the injury is one that happened by causes independent of the violation of the statute, it is not actionable on the basis of that violation. If an intervening event against which the statute evidently did not intend to provide, and the appearance of which was not anticipated by the spirit and purpose of the act, has in fact caused the injury, that event is plainly the proximate cause.

The statute does not provide that an employer shall respond in damages for all injuries sustained by a boy under fourteen years through employment in a coal mine. It merely provides that the employer shall be guilty of a misdemeanor and punished therefor. While the boy may have a civil remedy for injury sustained in the unlawful employment and resort to the violation of this statute for evidence of the negligence which caused the injury, still the statute does not say, or even imply, that the employer shall respond in damages other than those given by the common law. The statute does not put an absolute liability on him for civil damages. It puts no liability on him in that regard. But it may be shown that he is liable for damages at the common law for an injury sustained by reason of its violation. So as a matter of law it cannot be said that the employer is chargeable in damages with all injuries that result. The evidence must prove that he is chargeable—that the injury indeed proceeded from the unlawful employment.

But the doctrines in relation to assumption of risk and of fellow servancy do not apply, if the evidence establishes that the statute against employment of boys in mines has been violated. If the employment of a boy in a mine is unlawful, he cannot be held to have assumed the risks incident to the employment, among which are those proceeding from the acts of fellow servants. Assumption of risk must stand upon the contract of employment, whether the risks assumed are viewed as

proceeding from fellow servancy or other conditions connected with the employment. The employer cannot take advantage of the unlawful contract so as to say that the boy assumed the risks arising from the occupation or from fellow servants. As Judge Taft has stated it, the servant cannot "contract the master out" of the statute. *Narramore* v. *C. C. C. & St. L. Ry. Co.*, 96 Fed. 298.

The doctrine of contributory negligence, however, is not based upon contract of employment, and is open as a defense in cases like this one. How far that defense may apply in view of the consequences to be anticipated from a violation of the statute, and in consideration of the proximate cause of the injury, is a question to be particularly discriminated in any trial in which the defense is raised in such case as the one before us. In this connection, an excellent authority says: "Where the negligent act of defendant naturally induced or afforded opportunity for the subsequent act of a child, such act being of a character common to youthful indiscretion, and which, concurring with defendant's earlier wrongful act produced the injuries complained of, the defendant will, in general, be held liable. Children, wherever they go, must be expected to act upon childish instincts and impulses, a fact which all persons who are *sui juris* must consider and take precautions accordingly. A person who places in the hands of a child an article of a dangerous character and one likely to do injury to the child itself or to others, is liable in damages for any injury resulting which is a natural result of the original wrong, though there may be an intervening agency between the defendant's act and the injury." Watson on Damages for Personal Injuries, section 111.

The statute was made to prevent a class of immature youths from subjecting themselves to dangers which they presumably do not have the capacity to appreciate. Thus it was made to prevent injury to them by their own contributing negligence through the curiosity, indiscretion, or heedlessness that naturally belongs to their age. That contributing negligence from incapacity to appreciate danger and from childish inclination is a natural result of the violation of the statute, and the employer is bound to anticipate it. Therefore, if he disobeys the law, he is chargeable with the results which he should have anticipated,

one of which is the boy's own negligence because of his years. He is chargeable with any injury which the immaturity of the boy brings on himself, because he is bound to know that the law requires. that he protect the boy against harm from his lack of capacity by not employing him. But the employer is civilly. liable only 'when he fails to observe the natural and probable consequences of his disobedience to the statute. That statute does not say that he shall be liable in civil damages to every boy under fourteen years who is injured while unlawfully in his service. It is absolutely silent as to civil damages. But we know that an employer may be held civilly liable by common law principles when a youth under that age is injured because incapable of appreciating the dangers to which the employment subjected him. The employer must observe the incapacity of youth. But if a boy, though under fourteen years, is not so immature as is merely presumed from his age, and actually has knowledge and capacity to appreciate the dangers because of careful instruction, unusual experience, or precocious intellect, shall we say that he is entitled to civil damages because of the violation of a statute not made for his benefit? Shall we give one having capacity to avoid danger the benefit of inferences from a law that has been made in the interest of those not having that capacity? There is not a word in the statute itself which says civil liability shall exist because of failure to observe the mere age fixed. The statute indicates that protection from a generally presumed want of capacity in those under the age is the end it seeks. Therefore it is not violated in a sense to bring civil damages unless the employer has actually taken into his service one that he must reasonably know may be injured by reason of his own boyish inclinations. Though a boy may be a few days under fourteen years, it may be shown that he has been so well instructed and experienced as to have even more appreciation of danger than one over that age. The principles enunciated in *Bare* v. *Coal Company,* 61 W. Va. 28, are in point here.

Let us assume that an employer has knowledge of the fact that a boy has unusual capacity and appreciation of danger— that he is beyond the class of his age. If the employer hires the boy and puts him to work, he. unquestionably subjects himself to conviction for a misdemeanor. The statute so subjects him

on the mere age of the boy. But it does not subject him to liability for damages. It is silent in that regard. The common law must do that. The common law permits the employer to prove that the boy was fully instructed and was capable of protecting himself from dangers and that it was his own fault that he did not. The common law allows the defense of contributory negligence if facts are shown whereby it appears that under the law such negligence is attributable to the boy. If he has the sense to avoid dangers, the unlawful employment cannot hurt him in this regard, if he uses that sense. So we say that if the contributory negligence is not of that order against which the statute itself provides, is not of that kind which must be anticipated as a probable consequence of a violation of the statute, but comes from one who is shown to have the capacity to refrain from contributing to his own injury, it is an available defense. The employer is entitled to this defense if he can show that the boy contributing to the injury had extraordinary wisdom and full appreciation of the dangers.

In most cases, it is for the jury to say whether the boy contributed to his injury by the immaturity, indiscretion and heedlessness belonging to his age, which contributing to his injury the employer should anticipate as a natural consequence of unlawfully employing him, or whether he possessed such unusual capacity and appreciation of danger, or so wilfully contributed to his own injury, as to have done that which was not an anticipated consequence of the unlawful employment.

Some of the decisions hold that under no circumstances can contributory negligence avail in a case like the one at hand. But the weight of authority is the other way, and, to our minds, consistent with legal principles. The statute does not in words abrogate the defense. A civil action does not get its force from that statute. It only looks to the violation of the statute for evidence to support the action. Why shall not common law principles apply? Bishop on Non-contract law, section 140, and *supra;* 20 Am. & Eng. Enc. Law 151; Watson on Personal Injuries, section 267; *Queen* v. *Daylon Coal & Iron Co.,* 95 Tenn. 458; *Rolin* v. *Tobacco Co.,* 114 N. C. 300; *Sterling* v. *Union Carbide Co.,* 142 Mich. 284; and other cases.

Though the boy may have misrepresented his age, still he may recover if he makes a case. He is not precluded from the action

because he has been a party to the unlawful employment. The inhibition is upon the employer. Again we say, if his failure to observe the law causes injury, he may be made to respond in damages. *Braasch* v. *Michigan Stove Co.*, 153 Mich. 652.

The employer must ascertain the age of the boy. He must not be negligent in this particular. Unless he actually knows the age so that he may safely rely on the fact before a jury, he must do what the statute directs—he must secure the affidavit of the parent or guardian. The statute requires him to get this affidavit "in all cases of doubt." If there is not certainty there must be doubt. If he does not actually know the age so that he may safely rely on the knowledge he has obtained in that regard, he is only uncertainly informed and it is a case of doubt. We think the statute virtually says that the employer must clear up all uncertainty that exists by securing the affidavit. Only that affidavit or absolute proof that the boy is over fourteen years will protect him. He "knowingly" violates the statute when he does not settle all doubt in advance of the employment. Representations, appearances, and good faith cannot take the place of the affidavit or unfailing proof which the statute requires. The purpose of the act, and the very spirit which it discloses through its words, sanction this construction.

Now, when we view the case in the light of the principles announced, we observe the verdict and judgment to be fully justified. The pleadings and evidence warrant the recovery of damages for an injury caused by the act of the defendant in unlawfully employing plaintiff in a coal mine. That injury was the loss of a leg, for which the jury awarded $1500. There is evidence supporting a finding that the plaintiff was under the age of fourteen years, and that the injury was a natural and probable consequence of his unlawful employment. The happening by which the injury came to plaintiff was one which the employer must have reasonably anticipated would follow the employment of a person so immature. The evidence does, not take the boy out of the class for the benefit of which the statute was enacted. It does not raise his capacity over that generally presumed. No affidavit of the boy's age was sought or furnished. It is plainly shown that the defendant's agent even doubted the boys statement as to his age. Defendant cannot, as it undertakes to do, rely on evidence of the boy's mis-

statements and of what its agent believed from his appearance. There is no error in the giving and refusing of instructions to the jury. Those given presented the case as favorably for defendant as could properly have been done. Those refused were not warranted in a proper view of the case. The judgment in plaintiff's behalf is founded upon no error. It will be affirmed.

*Affirmed.*

BRANNON, JUDGE, *(concurring):*

This being the first case in this state involving this statute, I am insistent that it be given a construction such as will answer the design of the Legislature. To employ a minor in a coal mine is a wrongful act. This statute was enacted to save the lives of children; it was made for the benefit of children. The act being wrongful, action lies. Can it be defeated by the contributory negligence of the child? I assert, as the New York court asserted, that the statute shows that the Legislature "declares that a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for engagement in such a dangerous vocation, and is therefore not, as a matter of law, chargeable with contributory negligence". *Marino* v. *Lehmaier,* 173 N. Y. 534. But if held capable of contributory negligence, it is only because he possesses judgment, discretion, care and caution, whereas the Legislature has declared that he does not possess these capacities. You thus make him capable, when the statute says he is not. That construction opens the door to evidence upon his capacity, when the statute closes it by fixing a certain age as one of incompetency. That construction would greatly deprive the statute of effect to protect children. While the whole country is crying out against the employment of children in coal mines, and our state has yielded to the strength of this cry, we are asked to emasculate its act and defeat its purpose. "The object of the statute was to entirely prevent the employment of children under the age of fourteen in the occupations named, and it should be given a construction that will effectuate that purpose." *American Co.* v. *Armentrout,* 214 Ill. 509. If the boy had not been in the mine, he would not have been hurt, and if he had not been employed, he would not have been in the mine to be hurt or to be guilty of contributory negligence.

As will be seen in 12 L. R. A. (N. S.) 461, the authorities conflict. I would side with those which go to save the lives of children, carry out the evident will of the Legislature, and hold the employer liable for a violation of the law, and not let him escape by a plea that the child is to blame, when he is guilty of the first wrong, and to it the childs death or cripple is traceable as first cause.

After writing the above I find the late case of *Stehle* v. *Jaeger Co.,* 225 Pa. St. 348, is a well considered one. The boy was cleaning a pipe outside his duty, when he had been warned against it. The court held, "In such a case the proximate cause of the injury was the employment of the boy in violation of the act. It is because a child under fourteen years of age is likely to be imprudent and negligent, and is therefore exposed to greater dangers to himself and others as well, that his employment in industrial establishments is forbidden. So it is never a question of risk of employment or of contributory negligence." The court said that it was not dealing with an adult; that the statute "contemplates a special danger to persons of this class in connection with such employment, because of the characteristics incident to the immaturity of youth—imprudence, lack of judgment, heedless curiosity and playfulness—and so it makes their employment unlawful. When a child has been employed in violation of law and is injured in the place where he is employed, to allow the employer to escape liability because the injury resulted from the imprudence or negligence of the child, would be to defeat the purpose of the law and render it absolutely futile. It is because a child under fourteen years of age is likely to be imprudent and negligent, and is therefore exposed to greater danger to himself and others as well, that his employment in industrial establishments is forbidden. So it is never a question of risk of employment or of contributory negligence." The statute was made to save all boys, competent or incompetent. Inquiry as to capacity is irrelevant. As Judge Cox said in *Bare* v. *Coal Company,* 61 W. Va. 33, the statute had no bearing on that case, the boy being over twelve, the age of competency under the Code before the change to fourteen by Acts 1907, chapter 78. The principles of the *Bare Case* do not apply to this case.

POFFENBARGER, JUDGE, *(concurring):*

Seeing no error in the rulings of the trial court, I concur in the decision and in the substance of what is said in the opinion of President ROBINSON, concerning the effect of violation of the statute. It seems to me, however, there is no warrant in the statute for the restricted view, that it was intended merely to protect certain classes of individuals from personal injury. Unlike a great many other similar statutes, the considerations and policy which induced this enactment are not stated. Mining is not declared a pursuit or occupation, peculiarly dangerous to females and children under 14 years of age. There are many other vocations equally dangerous. One of the purposes may have been protection against injury to persons of immature judgment and discretion, but it seems to me that, in view of our knowledge of the grounds upon which such legislation is usually demanded, we might well say the policy of the legislature was rather to prevent children and mothers, or those who may become mothers, from following an occupation, which, on account of its peculiarities, including impure air, exclusion from light and weight of the burden upon the physical nature, tends to the deterioration of the race, neglect of care of infants and demoralization likely to result from association of men and women under such conditions. This broad view of the purposes and objects of the statute reinforce and emphasizes, in my opinion, the conclusion that the legislature did not intend to impose absolute civil liability upon the employer for violation of the statute.

I do not agree that, under this statute, employers must either obtain the affidavits of the parents or guardians of boys to the effect that they are 14 years of age or over, or decide the question for themselves at their peril. There is not a word in the statute which says no evidence other than such affidavit may be considered by the employer. On the contrary, its language imports that he may consider other evidence and satisfy himself beyond doubt that the boy is 14 years of age. He is not required to obtain such an affidavit unless he is in doubt. If he has no doubt, this requirement does not apply. What is a doubt? It is an unsettled state of mind. It is not the question upon which the mind deliberates, weighing the evidence pro and con.

There may be absolute and perfect confidence of the existence of a fact, in which case there is no doubt, and still there may be no such fact. Doubt relates to the mental state or condition. Does a jury have to know to an absolute certainty that a man has committed a crime, before it can find him guilty? There is no law which declares such a doctrine. All that is required on the part of a jury is belief beyond reasonable doubt. This condition of mind on the part of a jury may exist and the prisoner may nevertheless be entirely innocent. How does a doubt arise? There must be something upon which the mind can deliberate as a pre-requisite to either belief or doubt. Hence, when the legislature says "in all cases of doubt," it presupposes consideration of something in the nature of evidence. Having said this, it has set no limit upon the amount of evidence that may be considered nor defined its character. Starting with this premise, I read the statute as saying the employer, after having considered all proper evidence, such as the appearance of the boy and information from reliable sources as to his age, shall obtain the affidavits, if his mind has not become settled to the point of belief.. There is a further implication in the statute. It declares it an offence for any person knowingly to make a false statement, as to the age of any boy under the age of 14 years, applying for work in any coal mine. Plainly, the legislature intended to punish for false statements of this kind all persons who have the right to make truthful statements on the subject. If it had intended to limit such statements to parents and guardians, it seems to me it would have expressed that intention in terms, saying, if any parent or guardian should make a false statement of that kind, he should be guilty of a misdemeanor. The language is broader than this. It includes any person who shall make such a false statement; and this harmonizes with the preceding portion of the statute, impliedly giving to employers the right to consider any pertinent facts, circumstances or statements, bearing on the subject of the boy's age. I have no doubt that, at common law, employment of a child wholly incapable of intelligent discernment or appreciation of danger, resulting in injury, would be actionable negligence. There the question of negligence would involve an inquiry as to care and prudence in the act of employment. On that issue, all relevant evidence would be admissible. The legislature has done nothing more

here than establish an age limit, bearing on the question of capacity to comprehend danger and avoid it. Intention to abrogate the common law rules by which the admissibility and probative force of evidence are determinable does not flow from this. If nothing had been said on the subject of evidence or duty, respecting ascertainment of the age of the boy, the common law rules would have remained unbroken; for statutes are not deemed to have been intended to displace the common law beyond the limits indicated by the terms used. No other conclusion is possible without the application of a reason or measure of public policy not declared. If the statute had imposed, in express terms, civil liability for known violation thereof, then unquestionably all evidence, tending to prove careful, prudent and diligent inquiry, as to the age of the boy, would have been admissible. In this instance, the legislature did not stop with a mere plain, unequivocal, unqualified interdiction. It went beyond that, and, by the language it used, negatived the implication against the application of common law principles on the subject of employment. By requiring affidavits in all cases of doubt, and only there, it substantially, and I think, plainly said the employer should make diligent, careful and faithful inquiry as to the age of the boy and be convinced beyond doubt that he is 14 years old or over, before he can lawfully employ him; that, if he is relieved of all doubt upon the subject, by such inquiry, he may lawfully employ him; that if he is in doubt after having made such inquiry, he must obtain the affidavits; and that it should be for the jury to say, upon the evidence adduced, whether, as a reasonable man, the employer had or should have had a doubt, under the circumstances, as in the case of self-defense in criminal law on the question of belief of danger. The subsequent clause, imposing a penalty for violation of the statute, expressly introduces the scienter as an element. There is no criminal liability except in the case of a wilful and known violation. This penalty is not less than ten nor more than five hundred dollars, or imprisonment in the county jail not less than ten nor more than ninety days, in the discretion of the court. This reflects the intent of the legislature upon the subject we are discussing. These two clauses are in the same section. To my mind, it is inconceivable that the legislature should have intended to make the employer act at

his peril on the subject of the age of the boy with respect to civil liability, which ordinarily calls for thousands of dollars in case of recovery, while protecting him from a mere fine and slight imprisonment, to the extent of making liability depend. upon his diligence and good faith, respecting the age of the boy.

On this subject, as 'well as the extent of civil liability for violation of the statute, I am disinclined to add anything to its terms. When the legislature has signified its intention, by some statute, to establish a certain line of public policy, courts are often, indeed almost always, called upon to extend that policy, in various ways, so as to include things not expressed by' the legislature at all, either as acts forbidden, duties imposed, or measures of enforcement. It is competent for the legislature to define the extent to which it will pursue any given line of public policy, and when it has declared that extent, I find no warrant in the law for any addition thereto by the courts. It is likewise competent for the legislature to determine and prescribe such measures or methods as it sees fit, 'within the constitutional limitations, for the enforcement of its' policy, when it has been declared; and, finding that certain measures or methods, and no others, have been adopted and prescribed, it seems to me the courts ought to presume that no others were intended. *Expressio unius est exclusio alterius.* Failure to apply this maxim, in such cases, leads to a course of judicial legislation, which might find support in precedents, but none in sound reason or well settled law. I think it safest and best, as well as more consistent with law, to let the legislature declare its own will and purpose.

None of the rulings of the trial court, concerning the duty of inquiry as to age, are at variance with the views I have expressed. Several instructions, offered by the defendant, were refused, but none of them were in proper form.

In the case of *Burke* v. *Big Sandy C. & C. Co.,* decided simultaneously with this one, some instructions, intended to enforce the principles I have stated, were refused, but another equivalent in effect was given.

WILLIAMS, JUDGE, *(concurring):*

I concur in the affirmance of the judgment, but I dissent

from so much of the majority opinion as holds that contributory negligence is a permissible defense. To allow such defense would largely defeat the evident purpose of the statute, which is to prevent the employment of all boys under fourteen years of age in coal mines, be they precocious or otherwise. The Legislature has fixed an arbitrary age limit, and has made no distinction between bright boys and dull ones. It has, in effect, said that when a boy under fourteen years of age is employed to work in a coal mine, and is injured therein in consequence of his employment, the unlawful employment is to be taken as the proximate cause of injury. It is as if the Legislature had expressly said that no boy under fourteen years of age is capable of appreciating the dangers incident to working in a coal mine, and of guarding against them, therefore it shall be unlawful to employ him to work in such place. The act is manifestly intended for the protection of boys under fourteen years old, and if it had not been for the employer's violation of it Norman would not have been in the mine, and would not have lost his leg. The law was made to protect the lives and limbs of boys from loss and injuries that are liable to result from their own lack of proper care, as well as from loss and injury resulting from sheer accident, or from the negligence of other laborers in coal mines. Consequently, to allow contributory negligence to defeat an action for injury received in a mine by a boy unlawfully employed therein, would be to defeat the purpose of the statute.

I concur in the views expressed in the note by Judge BRANNON, and, in addition to the authorities cited by him, I cite the following which hold that contributory negligence in such a case is no defense: *Marquette &c. Coal Co.* v. *Dielie,* 110 Ill. App., which is affirmed in 208 Ill. 116; *Odin Coal Co.* v. *Denman,* 185 Ill. 413; *Centerville Coal Co.* v. *Abbott,* 181 Ill. 495; *Starnes* v. *Mfg. Co.,* (N. C.) 61 S. E. 525; *Lenahan* v. *Coal Mining Co.,* 218 Pa. St. 311.