# CHARLESTON.

## BLANKENSHIP *v.* ETHEL COAL CO.

Submitted January 18, 1910.   Decided March 14, 1911.

1. MASTER AND SERVANT—*Injury to Servant—Pleading—Assumption of Risk—Contributory Negligence—Question of Law and Fact.* ·

     Plaintiff, a boy under fourteen years of age, was employed as trapper in defendant's coal mine and while performing services therein for his employer was injured. *Held:*

I.     In such case the declaration need not aver that the coal mine was not of the class excepted, by a proviso in the statute, from its operation. The proviso is not descriptive of the enactment and need not be negatived by the declaration. (p. 75).

II.    Plaintiff has right of action if his unlawful employment is the proximate cause of his injury. (p. 77).

III.   There is no such contractual relation between plaintiff and his employer as will admit of the doctrine of assumption of risk. (p. 77).

IV.    Contributory negligence will defeat the action if plaintiff be shown to possess a greater measure of intelligence, knowledge and appreciation of danger, and care and ability to avoid it, than is usually possessed by boys under fourteen years of age, and the negligence with which he is charged be such as would not reasonably be expected of a boy of his information and capacity. (p. 77).

V.     Negligence, in such a case, is necessarily a mixed question of law and fact and must be determined by the jury. (p. 77).

VI.    Misrepresentations by the boy, or his friends, as to his age will not defeat recovery if no affidavit be furnished. (p. 79).

Error to Circuit Court, Logan County.

Action by Elmer Blankenship against the Ethel Coal Company. Judgment for plaintiff and defendant brings error.

*Reversed, and new trial granted.*

*Anderson, Strother & Hughes,* for plaintiff in error.

*Chafin & Bland* and *F. C. Leftwich,* for defendant in error.

WILLIAMS, PRESIDENT:

Plaintiff, a boy under the age of fourteen years, was employed as a "trapper" in defendant's coal mine, and while at work in the mine was injured. He sued defendant for negligently causing his injury, and recovered a judgment in the circuit court of Logan county for $1,500. Defendant has brought the case here on writ of error.

It is insisted that the demurrer to the declaration should have been sustained. We think it was properly overruled. The declaration consists of four counts each of which avers the particular manner of plaintiff's injury, and that he was under the age of fourteen years at the time. The first count contains the further averment that, plaintiff was "unlawfully, negligently and carelessly employed" to work as doorkeeper or trapper, and that while he was engaged in the performance of his duties he was commanded by defendant to assist the driver in coupling up the coal cars, and that in attempting to obey this command he was injured. The second count also avers the unlawful, negligent and careless employment of plaintiff to work in the mine as trapper, and in addition thereto, alleges that plaintiff undertook to assist the driver to couple up the cars, and in doing so was injured. The third count avers the neglect of defendant's duty, in that it did not instruct plaintiff in the performance of his work, and did not inform him of the dangers incident thereto. The fourth count avers that defendant was negligent in suffering one of its coal cars and the attachments thereto belonging to become unsafe and insufficient, and in consequence thereof plaintiff was injured.

Section 17, chapter 78, Acts 1907, makes it unlawful to employ boys under the age of fourteen years to work in any coal mine. Section 27 of the same chapter contains a provision which says: "The provisions of this act shall apply only to coal mines in which five or more persons are employed in a period of twenty-four hours; but no mine employing less than ten men shall be required to employ a mine foreman." In view of this proviso it is urged that the declaration is bad, because it does not aver that plaintiff was not employed in a coal mine of the class excepted from the provisions of the act. It is not necessary for us to decide, and, therefore, we do not decide whether the application of section 17 is limited by the proviso in section

27. But let it be admitted, for the purpose of determining the sufficiency of the declaration, that the application of section 17 is limited to mines employing five or more persons in twenty-four hours, still it does not follow that the declaration is bad because it does not aver that plaintiff was not employed in a coal mine of the class excluded from the operation of the act. If the enacting part of the statute is general and complete within itself, and the terms of the enactment do not incorporate any exceptions or provisos limiting its operation or application, so as to make them descriptive of the act itself, but there are provisos or exceptions which are contained in separate clauses, or sections of the act, which are distinct from the enacting part of the statute and they constitute no definitive part of the. enactment, a declaration which avers the violation of such a statute as constituting such negligence as affords a right of action to a person injured in consequence thereof, need not contain an averment negativing the exceptions or provisos. This rule of pleading has been frequently applied in determining the sufficiency of indictments based upon statutes containing exceptions and provisos, and we see no reason why it is not equally applicable in civil actions founded on violations of similar statutes. *Commonwealth* v. *Hill,* 5 Grat. 682; *State* v. *Richards,* 32 W. Va. 356; *State* v. *Railroad Co.,* 50 W. Va. 235. The declaration alleges that plaintiff was "unlawfully" employed to work in defendant's coal mine, and that he was under fourteen years of age. This averment is sufficient to show a violation of the statute. If the mine had been of the class excepted from the operation of the statute, such fact could have been set up as a defense, provided such fact would have constituted a valid defense, a point which we do not decide. Looking to the evidence, however, which we can properly do in considering the motion to set aside the verdict, we see that there were more than' five persons employed to work in defendant's mine in twenty-four hours, at the time plaintiff was injured.

The defense made to plaintiff's action is, that he was fully and carefully instructed how to perform the work of a trapper, and that he fully understood and appreciated all the dangers connected with his employment, and had ability to avoid any accident, and, notwithstanding his capacity, knowledge and ability he was guilty of negligence which was the proximate

cause of his injury. The court below evidently tried the case
upon the theory that the statute, section 17 of chapter 78 of the
Acts of 1907, was made for the protection of all boys under the
age of fourteen years, and that plaintiff's unlawful employment
was the proximate cause of his injury; and that contributory
negligence would not defeat plaintiff's action. But such is not
the interpretation given to this statute, by a majority of this
Court, in the case of *Norman* v. *Virginian-Pocahontas Coal Co.,*
decided at the last term, and reported in 68 W. Va. 405 (69 S. E.
857). The decision in that case is to the effect that defenses
arising out of contractual relations, such as assumption
of risk by the infant of injuries that might result from mere
accident or from the negligence of a fellow workman, can not
be made; but that the defense of contributory negligence can
be made, provided the infant be shown to have sufficient knowl-
edge, capacity, and appreciation of danger, and ability to avoid
it, as will elevate him above the average intelligence and dis-
cretion of boys under fourteen years of age. There is evidence
tending to prove that plaintiff was endowed with a better intel-
lect than is ordinarily possessed by boys of his years; that he
knew and appreciated the danger which caused his injury; and
that he could have avoided the accident. It was for the jury to
say whether or not plaintiff was properly chargeable with negli-
gence. They were the only judges of his capacity and discre-
tion, and, therefore, the only tribunal that could say whether
he was guilty of such negligence as was unreasonable, and not
of the character to be expected from a boy possessing his knowl-
edge, capacity and mental endowment, notwithstanding he was
under fourteen years of age. Plaintiff was a trapper, but he
often assisted the mule driver in coupling up the cars. On the
occasion of his injury he had coupled up the cars, and was
standing at the side of the cars nearest the rib, or wall of the
entry. While he was in this position the driver struck the mules
and made them start quickly with the load; plaintiff started to
run in the same direction in which the cars were moving, along
the wall between the wall and the cars, in order to get ahead of
the mules, but for what purpose it does not appear, and was
caught between the wall and cars at a point where the side of
the car came within from six to ten inches of the wall, and was
severely hurt. Plaintiff's own testimony shows that he knew of

this narrow space and knew that if he should be caught there by the car he would be hurt. In view of the law announced in the *Norman Case,* above cited, it was the province of the jury to say whether or not plaintiff's conduct, under the circumstances and in view of his capacity, knowledge, ability, discretion and age, was such as might have been reasonably expected of him, and consequently not such negligence as would defeat his recovery; or, on the other hand, whether it was such an act of wilful negligence as was not reasonably to be expected by a boy possessing plaintiff's capacity, knowledge and appreciation of danger, and ability to avoid it, and, therefore, such as ought to defeat his recovery.

Defendant asked that thirteen instructions be given to the jury, all of which were refused except No. 8. In view of the decision in the *Norman Case* it was error to refuse defendant's instruction No. 2. It would have submitted to the jury the question of plaintiff's intelligence, discretion and judgment, his knowledge and appreciation of the dangers resulting from the proximity of the coal cars to the walls of the mine, and his ability to avoid injury on account thereof, and it should have been given. We find no error in the court's refusal to give the other instructions. Nos. 1, 10, and 12 relate to assumption of risk. We have already said that in view of the statute in question he would not be permitted to assume any risks. There is no lawful contractual relation in such a case, and consequently assumption of risk does not apply. There is evidence which tends to show that the accident resulted, in part at least, from the negligence of the mule driver. But the rules of fellow servancy have no application to a boy under fourteen years of age employed in violation of the statute. No. 3 was properly refused, because it assumes that the employer of an infant under fourteen years of age has discharged his duty to such infant by explaining to him the hazards and dangers of his work, and by instructing him how to avoid them. Such is not the law. Whether an employer's duty to an infant would be fully discharged by giving the infant instructions and information in relation to the dangers connected with his employment, and instructions how to avoid them, depends upon the infant's capacity to appreciate the dangers, and to comprehend the instructions. If a boy is employed to work in a coal mine, in violation of the statute,

it matters not how frequent or how complete the instructions may be that are given him, they will be unavailing to establish contributory negligence, if the boy have not the capacity to understand and appreciate them. The negligence of the master, in such case, consists in the unlawful employment of a boy wanting in capacity, and such negligence can not be overcome by any amount of instructions. We find no fault with the latter part of instruction No. 3; but it is connected by the disjunctive word *or* with the first part which is bad, and this affects the whole instruction. No. 4 was properly refused because it is misleading. It does not follow that, because the statute in question does not expressly provide for civil damages, a boy employed in violation of the statute has not a civil right of action in consequence of injuries resulting from his unlawful employment. The statute being made for the protection of boys under fourteen years of age, it follows from principles of common law that a right of action accrues, for a violation of the statute, to one for whose protection it was made, whenever the violation is the proximate cause of the injury. It is, therefore, immaterial whether the jury knew, or did not know, that no civil damages were expressly provided for by the statute. Nos. 5, 6, and 9 are erroneous and were properly refused, because it is the duty of the employer to take the precaution provided by the statute to ascertain the boy's age, even if this precaution when taken would be sufficient to relieve him of liability, a question which we do not decide, as no affidavit concerning the boy's age was required by defendant, and none was furnished. No. 7 is bad because it leaves out of consideration an element which would relieve plaintiff of the consequences of his negligence, notwith- standing his knowledge and appreciation of the dangers and his ability to avoid them, and that is, it fails to submit to the jury the question whether plaintiff's conduct was the result of such thoughtlessness and want of care as might reasonably be expected from a boy of his age, notwithstanding his knowledge and capacity to appreciate and avoid dangers may have been superior to what is usually found in boys of his age. The law does not apply the same standard in measuring what is negligence in a boy as it does in determining what amounts to negligence in an adult. A boy may possess as much knowledge of a danger, and may appreciate just as fully the consequences of his act as an adult,

and he may possess even greater ability, on account of his superior agility, to avoid its consequences, yet, on account of his immature years and boyish instincts, it is not reasonable to suppose that he will exercise the same degree of discretion and care to avoid the consequences as an adult. Common observation teaches us that it is generally the boy of precocious mind and activity of body that has the least regard, or care, for danger; and it is most usually boys of this class that brave danger and get hurt. It is generally the boy who is a better swimmer than his fellows that gets drowned. In railroad towns we often see boys hobbling on crutches who were once more agile and fearless than their companions, but who have been maimed and disabled for life in consequence of their effort to out do their less courageous, but more careful playmates, in trying to board, or to alight from, rapidly moving trains. The law recognizes, and regards with tender consideration this boyish lack of care and discretion. And if plaintiff's act, in trying to outrun the mules, was prompted by his boyish instinct, and if his injury was the result of his youthful thoughtlessness, and want of care, such as is generally found in boys of his age, regardless of their mental precocity and physical ability, it will not amount to contributory negligence. No. 11 is erroneous and was properly refused because it does not take into consideration the purpose of the statute in question. No. 13 is a peremptory instruction to find for the defendant, and is clearly erroneous.

For the reasons herein given the judgment of the lower court will be reversed, the verdict of the jury set aside, and a new trial granted.

*Reversed, and new trial granted.*