# CHARLESTON.

MILDRED BOBBS, *by etc.* v. MORGANTOWN PRESS CO.

Submitted October 4, 1921.     Decided October 11, 1921.

MASTER AND SERVANT—*Allegation of Unlawful Employment Held Sufficient.*

> A count in a declaration for personal injuries based on negligence in employing a girl between the ages of 14 and 16 years to work in a gainful occupation without first having obtained a work permit as required by sections 3 and 4 of chap. 17, Acts 1919, and averring that by reason of such unlawful acts, negligence and carelessness the injuries resulted, is not bad on demurrer, for failure to allege in terms that such unlawful employment was the natural and proximate cause of plaintiff's injuries.

Case certified from Circuit Court, Monongalia County.

Suit by Mildred Bobbs, by, etc., against the Morgantown Press Company, for personal injuries. Demurrer to third count of declaration sustained and at plaintiff's request and on its own motion the circuit court certified the case for review.

*Demurrer overruled and case remanded.*

Moreland & Guy, for plaintiff.
Glasscock & Glasscock, for defendant.

LIVELY, JUDGE:

Having sustained a demurrer to the third count in the

declaration, the circuit court, at the request of plaintiff and on its own motion, has certified its ruling to this court for review.

The count alleges that the defendant owned and operated a printing shop containing such machinery and equipment as is usually found in such establishments, including a platen printing press operated by electricity, and the operation of which required great skill and experience in the operator in order to avoid being injured; that the plaintiff was a child between the ages of 14 and 16 years; and that defendant unlawfully, carelessly and negligently employed her to work in such establishment, the same being a gainful business or occupation, without having first procured a work permit from the superintendent of schools of the city or county, or from some person authorized by him in writing; and with having failed to keep such permit on file and accessible to officers charged with the enforcement of secs. 3 and 4 of chap. 17, Acts 1919 (the Child Labor Law); by reason of which unlawful acts, negligence and carelessness of defendant the right hand of plaintiff was caught in the machinery, a printing press at which she was working by order of defendant, and mutilated and mangled, causing the loss of three fingers thereof, to her damage of $10,000.00. The count also avers for reasons therein stated that defendant is not entitled to protection under the Workmen's Compensation Act. The grounds of the demurrer are: (1) That it fails to aver a cause of action; (2) it fails to allege any specific act of negligence; (3) it fails to show that the unlawful employment was the proximate cause of the injury.

The controlling question here presented is whether the employment of a child between the ages of 14 and 16 years in a gainful occupation, without first having obtained the work permit from the authorities designated by statute is *prima facie* negligence of the employer sufficient to sustain an action for damages resulting from an injury to the child arising out of and in the course of the employment.

In the cases which have been considered by this court where the employment in a coal mine was of a minor under the age fixed by the statute, making it unlawful to employ

such minor (12 years of age, afterwards raised to 14 years of age), we have decided that the unlawfulness of the employment and subsequent injury of the employee resulting from and in the course of the employment make out a *prima facie* case of negligence on the part of the employer. *Norman* v. *Coal Co.,* 68 W. Va. 405; *Daniel* v. *Big Sandy Coal and Coke Co.,* 68 W. Va. 491; *Blankenship* v. *Coal Co.,* 69 W. Va. 74; *Dickinson* v. *Stuart Colliery Co.,* 71 W. Va. 325; *Griffith* v. *American Coal Co.,* 75 W. Va. 686; and *Mangus* v. *Coal Co.,* 87 W. Va. 718. These cases hold, following the Norman case, that the violation of the statute is rightly considered the proximate cause of an injury which is the natural, probable and anticipated consequence of the employment; that the infant does not assume the risks incident thereto, including the risk of injury by a fellow servant; and that the defense of contributory negligence could only be asserted where the injury is such as could not reasonably be anticipated as a probable consequence of the nonobservance of the statute; and to avail the employer as a defense it must be shown not only that such contributory negligence was not such as the statute was intended to provide against, but that the infant was possessed of such wisdom, experience and sagacity as to take him out of the class of boys under the prohibited age which the statute was intended to protect. This leading case, *Norman* v. *Coal Co.,* was decided by a divided court, on the point in question here, (the unlawful employment and consequent injury constituting a prima facie case of negligence), and the conclusion was in the affirmative; Judges BRANNON and WILLIAMS holding that inquiry as to the boy's capacity was immaterial, and that contributory negligence would not avail as a defense. This question again arose on a count in the Daniels Case, *supra,* and also in the Griffith Case, *supra,* where the 1st point in the syllabus is: "A count in a declaration for personal injuries based on negligence in employing a boy under fourteen years of age in a coal mine, inhibited by statute, is not bad on demurrer, for failure to allege in terms that such illegal employment was the natural and proximate cause of plaintiff's injuries. It is prima

facie negligence to so employ an infant within the prohibited age." The question also arose in *Mangus* v. *Coal Co., supra,* where it was held, "Injury of the employee in the course of his employment, in such case, makes out a prima facie case of injury to him by negligence on the part of the employer," citing the Norman Case.

We can see no difference in principle in the statute prohibiting the employment of boys in a coal mine, and that under consideration prohibiting the employment of children between the ages of fourteen and sixteen years in gainful occupations without the permit directed to be obtained by the employer and kept on file, under sections 3 and 4 of chap. 17, Acts 1919.

The evils resulting from child labor have become so apparent and glaring in recent years that the public conscience has been awakened and there has been an insistent demand for its prevention or strict regulation, resulting in the enactment of federal and state laws.    The law under consideration is a result.   It is the duty of the courts to effectuate its beneficent purpose.   The work permit can be issued only upon proof of the intent of the prospective employer that he will legally employ the child; strict proof of age; a certificate of a public health physician or a public school physician specifying what, in the opinion of such physician, is the physical age of the child; proof of sufficient schooling; and proof that the child has reached the normal development of a child of its age, is in sound health and physically able to be employed in the intended occupation.   The State has this power of legislation for its own preservation and for the protection of the lives, persons, health, and morals of its future citizens.   The design of the legislature is apparent.   The fitness of the child for the contemplated employment is not left to the judgment or cupidity of the employer, nor to the parents or those in *loco parentis,* whose judgment is often warped by necessity or inclination.   It is to be determined by unbiased agencies, in order that the life, limb and health of the child may be conserved.   The employment of a child in a gainful occupation without such permit is as much of a violation as the employment of the child under the age pro-

hibited by the statute. The object of each is the same. The principle accentuated in our decisions above cited controls here. We therefore conclude that the employment of such child without the work permit, and the subsequent injury in the course of the employment, makes a prima facie case of negligence on the part of the employer. To overcome this prima facie presumption of negligence, the burden is incumbent upon the defendant. Defendant asserts that the defense of contributory negligence is open to it, and therefore the count should specifically allege that the unlawful employment was the proximate cause, or make such allegations as would negative that defense. We have the pleading before us only, and cannot anticipate the evidence, or the defense. The count is sufficient to show prima facie negligence.

There are many recent decisions to the effect that failure to perform a statutory duty is negligence *per se;* and many others to the effect that such failure constitutes *prima facie* negligence. They can be found in L. R. A. 1915 E, Note p. 506, to *Conway* v. *Monidah Trust.* (Montana).

The case of *Miller Mfg. Co.* v. *Loving* (Va.), 99 S. E. 591, holds that the employment of an infant between the ages of 14 and 16 years without the work certificate provided for in the statute creates the same presumption of unfitness for the employment as the statute prohibiting the employment of an infant under the age of· 14 years.

Other cases holding that the employment of children under certain ages without first obtaining certificates required by the statute is prima facie negligence in case of injury to the child are: *Kircher* v. *Iron Clad Mfg. Co.* 118 N. Y. S. 823; *Frorer* v. *Baker,* 137 Ill. App. 588; *Stetz* v. *Boot & Shoe Co.* (Wis.) 156 N. W. 971; *Perry* v. *Tozer* (Minn.), 97 N. W. 137.

In our opinion the third count in the declaration sufficiently states a prima facie case of negligence, and we so answer the question certified.

*Demurrer overruled and case remanded.*