# CHARLESTON.

RAY BOWLING, *Infant, etc. v.* GUYAN LUMBER COMPANY

(No. 6074)

Submtted March 6, 1928.   Decided March 13, 1928.

1. DAMAGES—*Statute Imposes no Limitation on Recovery for Personal Injuries; if Not Beyond Amount Laid in Declaration, Amount of Recovery for Personal Injuries is Generally for Jury; Only Limitation Which Law Imposes on Recovery for Personal Injuries is That Damages Must be Fairly Compensatory and Not Show Partiality, Prejudice, or Misconduct.*

In actions for damages for personal injuries sustained the statute imposes no limitation on the amount of the recovery. And, if not beyond the amount laid in the declaration, generally the amount is for the jury to determine, and the only limitation which the law imposes is that such damages be fairly compensatory and not such as to show partiality, prejudice or misconduct on the part of the jury. (p. 313.)

(Damages, 17 C. J. §§ 181, 361.)

2. SAME—*$7,500 for Frarcture of Right Tibia of 16 Year Old Boy, Causing Probable Permanent Lameness, Held Not Excessive.*

A case where the application of such rule does not warrant the appellate court in disturbing the verdict. (p. 313.)

(Damages, 17 C. J. § 438.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

105 W. Va.

Error to Circuit Court, Wyoming County.

Action by Ray Bowling, an infant, against the Guyan Lumber Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Toler & Shannon,* for plaintiff in error.

*W. H. Holroyd, Grover C. Worrell,* and *E. L. Phillips,* for defendant in error.

Woods, Judge:

This is an action for damages for personal injuries sustained while in the alleged unlawful employment of defendant lumber company, by reason of the plaintiff being under the age of sixteen years at the time of said injuries. From a judgment of the circuit court of Wyoming county, entered on a verdict for the plaintiff, for $7,500.00, the defendant prosecutes error to this Court.

The defendant is engaged in the operation of a large saw mill and lumber plant at Herndon, in the county aforesaid. For the purpose of transporting the lumber from the saw mill to the lumber yard, where it is stacked and stored, and also from the said saw mill to the planing mill, defendant has constructed and uses a number of platforms, commonly called "docks". These docks are about twelve feet high and from ten to fifteen feet wide, and are built upon frame work and floored on top. On the floor there is a steel tram-way upon which small four-wheel trucks are operated for the purpose of transporting the lumber, and the docks are so constructed that trucks loaded with lumber, will run by means of gravity from the saw mill through the storage yard to the planing mill on the opposite side of a small stream and the road which run between the two mills. The lumber stacks are so arranged along the docks as to serve as a banister or protection, with an occasional vacant space of something like twelve feet, caused by the removal of a stack of lumber. However, there were no lumber piles or guard rails along that portion of the dock which crosses the stream and the roadway.

On June 6, 1926, plaintiff applied to defendant's yard superintendent and obtained employment on one of the crews engaged in transporting lumber on the docks. He worked on the 7th and a part of the 8th of June. On the last mentioned day, while his crew was engaged in moving a truck loaded with two by four's from the yard to the planing mill, plaintiff, according to his testimony, was directed by the yard foreman to put on the brake and stop the car, and that, while in the performance of this duty some lumber fell off the truck and knocked him off the dock to the ground, some twelve feet below. By reason of this accident plaintiff fractured the tibia, or front bone, of his right leg, and received other minor injuries. There was no guard rail or other protection along this portion of the dock.

Several general assignments of error as to evdence, instructions, etc., were made upon motion to set aside the verdict. Because they were general and not specific, we cannot now consider specific allegations of error here in regard to the evidence. The only assignments which we can now consider (which were in fact the only points stressed by counsel on the hearing before this Court) are as to the amount of the verdict and whether it is sustained by the law and the evidence.

The first point goes to the age of the plaintiff. While the defendant introduced oral evidence to the effect that the report of the nurse made upon plaintiffs entry into the hospital, as well as the application for workmen's compensation, prepared by a notary (the cashier of defendant company), and signed by plaintiff, showed the latter to be seventeen years of age, the plaintiff denied that he so represented himself. He likewise denied that the superintendent inquired concerning his age at the time of his employment or that he gave him his age as seventeen, and introduced substantial evidence tending to show that he was only fifteen years of age at the date of the injury. Even had he misrepresented his age to secure employment, however reprehensible such action, he is not precluded thereby from a recovery. *Norman v. Coal Company*, 68 W, Va. 405. The jury's finding for the plaintiff as to this issue therefore cannot be disturbed.

The case here made by the pleadings on which a recovery is sought is based on the employment of the plaintiff by the defendant company (1) in an occupation dangerous to life and limb, in violation of the statute (Code, Ch. 15-H, Sec. 72), and (2) in a gainful occupation, without the work permit required by section 73 of the same chapter. If the occupation was one dangerous to life and limb, then the unlawfulnes of the employment and subsequent injury of the employee made out a *prima facie* case of negligence on the part of the employer. *Norman* v. *Coal Co., supra; Blankenship* v. *Coal Co.,* 69 W. Va. 74; *Mangus* v. *Coal Company,* 87 W. Va. 718. We have said that there is no difference in principle between this statutory provision and the one prohibiting the employment of children between the ages of fourteen and sixteen years in gainful occupation without the permit directed to be obtained by the employer and kept on file. *Bobbs* v. *Press Company,* 89 W. Va. 209. The object of each is the same. To overcome this *prima facie* presumption of negligence, the burden is incumbent on the employer. The defendant asserts that the defense of contributory negligence was open to it. The trial court evidently adopted that theory, since it gave an instruction to the effect that contributory negligence on the part of the plaintiff would bar, recovery. So whether or not such defense be available under our decisions, the defendant has been accorded it here and may not be heard to complain. The jury has determined this question in the negative. The evidence in our opinion supports a verdict under either count of the declaration. The dangerous character of the work in which the boy was employed is patent. The violation of the statute in this case, and the immaturity of the child, to which the statute is directed might well be said to be the direct cause of the injury. In other words, the minor's conduct was such as reasonably could have been anticipated as a consequence of the non-observance of the law.

The other point relates to the permanency of the injury, and whether or not the damages were excessive. Dr. Davis, a witness for the plaintiff, took two X-rays showing the frac-

ture of the tibia about one and one-half inches above the ankle joint. This witness states that the upper part of the bone has been separated from the lower part, and the lower fragment is bulged forward, and that the fracture was brought about by a direct violence straight down from the knee to the ankle; that the limb is now somewhat enlarged; that there is a slight slip in the joint on forcible extension; that to pull the foot up towards the body the joint slips slightly; and that there is not quite the degree of extension that a normal joint has. Dr. Thompson, introduced on behalf of defendant, states that plaintiff's limping may be the result of the fact that the "bone hasn't knitted and he has a permanent injury, and the other is he is malingering." When asked the question, "If this boy doesn't have proper locomotion in his joint at this time then what would you mean to tell the jury as to whether he is or is not permanently injured? A. If he doesn't have proper locomotion it is. Q. He has a permanent injury? A. Yes, sir. * * * Q. There is nothing to indicate here that this won't follow him to his grave, is there? A. What he has got now will certainly follow him to his grave, I believe." While he ends with a statement that he believed plaintiff could walk without limping if he would, the jury evidently thought otherwise. Plaintiff testified to the stiffness of the injured limb, the consequent soreness from its use, and that it was a serious handicap to him.

In an action for damages for personal injuries sustained, such as this, the statute imposes no limitation on the amount of the recovery. Generally the amount is for the jury to determine, and the only limitation which the law imposes is that such damage be fairly compensatory and not such as to show partiality, prejudice or misconduct on their part. *Looney* v. *Railway Company*, 102 W. Va. 40. In the face of the fact that the evidence clearly shows an injury of such nature as will follow plaintiff through life and be a source of constant embarrassment and inconvenience to him and will necessarily prohibit his freedom to some extent of participating in those employments which require normal use of the

legs an feet, we would be without warrant under the authorities in holding the verdict to be excessive.

*Affirmed.*