PAUL E. DALE *v.* WHEELING STEEL CORPORATION

(No. 7053)

Submitted March 24, 1932.  Decided April 19, 1932.

*Wright Hugus, J. E. Bruce* and *R. A. Klieves,* for plaintiff in error.

*John P. Arbenz,* for defendant in error.

HATCHER, PRESIDENT:

This is an action of damages for a personal injury. From a judgment in favor of plaintiff, the defendant secured a writ of error in this Court.

The defendant demurred to the declaration and each count thereof in the lower court, and now insists upon its demurrer here. The declaration has two counts, which will be taken up as numbered.

First count. This count alleges, in brief, that on February 8, 1926, the defendant was engaged in manufacturing and preparing for sale and shipment, metal sheets and metal products of various kinds; that it was its duty to employ such workmen as it might lawfully employ, but that it disregarded the laws of West Virginia and unlawfully employed the plaintiff, who was then only fifteen years and eight months of age, who was without experience in the work of defendant, and who was given no instruction (in the language of the count) "as to the dangerous character of the work at which he was thus unlawfully employed; and as the proximate result of his said unlawful employment by the defendant, as aforesaid, he * * * was then and there severely * * * injured", etc. This count was drawn with reference to Code 1923, ch. 15-H, sec. 72, which forbids the employment of a child under the age of sixteen years in any mine, quarry, tunnel or excavation and "in any occupation danger-

ous to the life or limb * * * of such child.'' The count contains no allegation and no statement of facts showing that the occupation of plaintiff under the defendant was dangerous. As the count is predicated solely on the theory that the work conducted by defendant was unsafe and the employment of plaintiff unlawful under the statute, the danger of the occupation should not be left entirely to a mere recital or to judicial inference. The court might assume that some of the work in manufacturing and shipping metal products is necessarily perilous, but the court must also assume that some of the work (office work for instance) in such a business is not inherently hazardous. The count is, therefore, defective in failing to contain averment that the work assigned to plaintiff was dangerous, and the demurrer to it should have been sustained. This error does not affect the integrity of plaintiff's judgment, however, as his counsel announced in his opening statement at the trial that he would base his case solely upon an unlawful employment, and consistent therewith he offered no evidence to show that the work was dangerous to children.

Second count. This count quotes the paragraph of sec. 73 of ch. 15-H, Code, which provides that no child between the ages of fourteen and sixteen shall be permitted to work ''in any gainful occupation'', unless the employer ''obtains and keeps on file * * * a work permit issued by the superintendent of schools'', etc.; and the count alleges that the defendant did not secure such permit, and as the proximate result thereof, the plaintiff was injured. A count based on this very section and similar in all material respects to this count was held sufficient ''to show *prima facie* negligence'' in the well considered case of *Bobbs* v. *Press Co.*, 89 W. Va. 206, 210, 108 S. E. 879. Consequently, the sufficiency of this count is not an open question, and the demurrer thereto was properly overruled.

At the trial the plaintiff rested his case on proof of his age and his injury in the employment of defendant, and that it had not secured the statutory work permit. This proof made a *prima facie* case. ''The employment of a child in a gainful occupation without such permit is as much of a

violation as the employment of the child under the age pro-
hibited by the statute. The object of each is the same. The
principle accentuated in our decisions above cited controls
here. We therefore conclude that the employment of such
child without the work permit, and the subsequent injury in
the course of the employment, makes a prima facie case of
negligence on the part of the employer." *Bobbs* v. *Press
Company, supra.* It is contended that plaintiff's case is
rebutted by his admissions that at the time of the injury
he was 15 years and 8 months of age, he had completed the
seventh grade in the public schools, and that he weighed 158
pounds and in general appearance "looked like 19" (years
of age). A brief reference to sections 72 and 71 will throw
light on this contention. Section 72 treats solely of occupa-
tions which are dangerous to children; 71 and 73 relate solely
to gainful occupations which are not dangerous to children.
Section 72, without any qualification whatever, forbids the
employment of a child under the age of sixteen years at a
dangerous occupation; 71 forbids the employment of a child
under the age of fourteen years in connection with even a
gainful occupation, except agriculture, domestic service,
mercantile establishments and business offices. Section 73
opens wide the door to the employment of a child between
the ages of fourteen and sixteen in any gainful employment
(not dangerous to childhood), but upon strict condition that
the employer secure a work permit for the child from the
local superintendent of schools. The superintendent is
authorized to issue the permit (during a school term as in
this instance) only upon written proof of four concurrent
facts: (1) that the prospective employment is legal, i. e.
is not dangerous to children; (2) that the child is of the
specified age—fourteen to sixteen; (3) that the child can
read and write and has satisfactorily completed the sixth
grade in public schools; and (4) that the child is normally
developed, is in sound health, and is physically able to per-
form the intended work. (Proof of educational qualification
is not required during vacation). So, in order to rebut the
plaintiff's case, it was necessary that each of these four
statutory facts be proven. It does appear that the plaintiff

was of permissible age (2), was educationally qualified (3), and perhaps was physically fit (4); but the initial requirement (1) does not appear, to-wit, that *the work was not dangerous to children.* We would not assume for plaintiff (in relation to the first count of the declaration), that the work was unsafe; and we cannot assume now for defendant that the work was safe. Therefore, the defendant failed to rebut the plaintiff's case.

Errors alleged by defendant as to the giving and refusal of instructions are not of consequence in view of its failure to withstand the plaintiff's case. *Reilly* v. *Nicoll,* 72 W. Va. 189, 77 S. E. 897. The fact that plaintiff misrepresented his age to defendant does not preclude his recovery. *Norman* v. *Coal Co.,* 68 W. Va. 405, 69 S. E. 857; *Blankenship* v. *Coal Co.,* 69 W. Va. 74, 70 S. E. 863; *Bowling* v. *Lbr. Co.,* 105 W. Va. 309, 311, 143 S. E. 86. Section 74a provides how an employer should proceed with a child desiring employment, who represents his age to be sixteen years or over.

Perceiving no error prejudicial to defendant, the judgment of the circuit court is affirmed.

*Affirmed.*