# CHARLESTON.

BURKE *v.* BIG SANDY COAL & COKE COMPANY.

Submitted September 3, 1909.   Decided December 13, 1910.

MASTER AND SERVANT—*Employment of Minor—Violation of Statutes —Negligence.*

    A case controlled by the principles announced· in *Norman* v. *Virginia-Pocahontas Coal Company,* 68 W. Va. ——.

Error to Circuit Court, McDowell County.

Action by C. W. Burke, Jr., against the Big Sandy Coal & Coke Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Anderson, Strother & Hughes* and *Stokes & Sale,* for plaintiff in error.

*John L. Stafford, Douglas W. Brown, B. B. Campbell,* and *W. L. Taylor,* for defendant in error.


ROBINSON, PRESIDENT:

.The plaintiff's cause of action is a personal injury sustained by the defendant's violation of the statute in force at the time of the injury inhibiting the employment of boys under twelve years of age in coal mines.   The statute has since been amended, raising the age to fourteen years.   As amended, we dealt with it in *Norman* v. *Virginia-Pocahontas Coal Company,* decided at this term.   The principles enunciated in that case apply to this one.

The statute as it stood before its re-enactment whereby the age was raised to fourteen years is found in Code 1906, section 412.   Defendant submits that this provision was in fact repealed by the later enactment of Code 1906, section 455.   But the two statutes are entirely consistent—the one is in no wise repugnant to the other.   Section 412 was fully in force at the time of the injury to plaintiff.

The argument that the statute is unconstitutional is not tenable.   Similar statutes have invariably been upheld.   It is

clearly within the power of the state so to protect its youths from dangerous occupations.

The instruction given the jury on behalf of the plaintiff is a proper one. It is directly in accord with our former decision that a violation of the statute inhibiting the employment of boys in coal mines constitutes actionable negligence whenever that violation is the natural and proximate cause of an injury. Defendants instruction No. 11 is an erroneous one, but wholly favorable to the defendant. It would give the employer protection though he failed to secure the affidavit of the parent or guardian and yet cannot establish that the boy was over twelve years of age. Of course the defendant cannot complain as to the giving of this instruction. None of the several instructions requested by the defendant and refused were proper or in place. All of them are plainly violative of our opinion in the *Norman Case.* It may be said that two of them were justified under the doctrine of contributory negligence. But plainly the evidence does not make a case of such contributing negligence as that which might avail as a defense in actions based on a violation of this statute. There is no evidence on which to found an instruction relative to contributory negligence on the part of the boy. There is none raising the capacity of the boy over that which is presumed and against which the statute means to guard. The only negligence on his part shown by the evidence is the very negligence from boyish inclinations, which reasonably must have been anticipated as a result of the non-observance of the law.

There is no error. The judgment will be affirmed.

*Affirmed.*