## CHARLESTON

HONAKER *v.* COAL COMPANY.

Submitted September 13, 1910.  Decided October 22, 1912.

MASTER AND SERVANT—*Injuries to Servant—Infants—Contributory Negligence.*

Employment of a boy under fourteen years of age to work

in a coal mine is *prima facie* actionable negligence in the master, and will call for damages in case of injury to the boy while in service, and exempt him from the defense of contributory negligence, unless it be shown he had experience, intelligence, care and capacity, notwithstanding his age, to enable him to appreciate and avoid the dangers of service.

Error to Circuit Court, Fayette County.

Action by Sam Honaker against the New River & Pocahontas Consolidated Coal Company. Judgment for plaintiff, and defendant brings error.

Affirmed.

*Dillon & Nuckolls,* for plaintiff in error.

*Littlepage, Cato & Bledsoe* and *Hubbard & Lee,* for defendant in error.

BRANNON, PRESIDENT:

Sam Honaker brought an action against New River & Pocahontas · Consolidated Coal Co., for personal injury and recovered one thousand dollars damages. Honaker was a boy twelve years and ten months old at the time he received his injury. The defendant was operating a coal mine and Honaker was employed by it in "trapping" and "pig tailing." His work in trapping was to open doors in the mine to let pass the motor engine hauling in and out of the mine coal cars. His duty in pig tailing was to connect rope, from winder on the motor, with coal cars to be hauled out of the mine. A motor was pushing into the mine four empty coal cars. Honaker was seated on the end of the fourth car from the motor with his feet on the bumper. There were some empty cars ahead on the track in the mine and the cars, being pushed, collided with them. Honaker discovered them some seven feet ahead and tried to get back into the car, and in doing so one of his feet slipped and was caught between the bumpers of the cars and was mashed. The plaintiff gave evidence that on the day of his injury the brakemen was absent, and he was ordered by the mine foreman to act as brakeman.

Complaint is made that the court refused an instruction, saying that if Honaker had been instructed by the mine foreman not to ride on the mine cars, and that he disobeyed the instructions, and did ride in the mine on the front car of a

number that were being pushed into the mine, contrary to instructions, and that the injury was occasioned thereby, the jury should find for the defendant.   This instruction ignores the fact that Honaker was under fourteen years of age.   It does not put to the jury to say whether that fact entered into the case. The instruction proposes to defeat the plaintiff on the ground of contributory negligence without taking into consideration the age of Honaker.   My own view, as expressed in my opinion in *Norman* v. *Coal Co.*, 68 W. Va. 414, is that the employment in coal mining of a child under fourteen years of age is of itself contrary to law, and *per se* negligence, and that contributory negligence is not attributable to him.   We do not so decide in this case.   Under that decision we do say that the evidence does not show that this boy does not belong to the class of infants under fourteen, by reason of special mental attainment and capacity, so as to take him out of that class and put him in the adult class, and that, therefore, his employment is a violation of the statute against employing minors, found in Supplement Code of 1909, ch. 15H, sec. 17.   Unless by evidence shown to possess special capacity to avoid danger the statute applies, and we cannot attribute to him full capacity, regardless of age, as this instruction proposes to do.   But, furthermore, we say that instruction 3, 4 and 6, given for the defense, substantially cover the ground of the instructions refused and were sufficiently favorable to the defendant.   It is said that Honaker was told not to ride on the car, and especially it is said that he had no right to sit on the front car with his feet hanging down.   Evidence before the jury says that he was ordered to act as brakeman that day, and he did not go out of the line of his duty as trapper to act as brakeman, and there was evidence that it was needful for him to sit where he did to watch switches.   There was no evidence that he was instructed how to act as brakeman or of its dangers, and upon that ground it can be said that the verdict is defensible.   The ground of liability, as I myself would base it, is that Honaker was a child, exposed to danger by employment in violation of a statute; but all of us unite in saying that being employed in violation of statute is *prima facie* negligence, and it not being proven that special intelligence and capacity in Honaker took him out of the class of infants under

fourteen years, contributory negligence cannot be charged to him. This is a jury question. Moreover, it is proven that he was put to work, not of his own act, in leaving his usual line of duty, and had no experience or instruction as brakeman.

The plaintiff claims that the defendant was negligent in pushing its cars into the dark mine without a light on the motor to show ahead, and that if there had been a light there, it would have shown the presence of the empty cars ahead at such distance as would have enabled the boy to get into the car and save himself. The only light was a small mine lamp in the cap of the boy, which did not light but a few feet ahead; but probably the company would not be chargeable with this negligence, because it was an omission of duty by the mine boss, under principles stated in *Squilache* v. *Tidewater Coal Co.*, 64 W. Va. 337, and other like cases. We think the *Norman Case* above, even without the latter consideration, calls for recovery.

Therefore, we affirm the judgment.

*Affirmed.*