# CHARLESTON.

RHODES v. J. B. B. COAL COMPANY.

Submitted October 10, 1916.    Decided October 24, 1916.

1. MASTER AND SERVANT—*Injuries to Servant—Legality of Employment.*

    The word "mine" contained in prior acts, but omitted from sections 1 and 2, chapter 60, Acts 1911, being sections 71 and 72, chapter 15H, Code 1913, amending chapter 11, Acts 1887, chapter 15, Acts 1891, and chapter 75, Acts 1905, as one of the places where minors of the prohibited ages are not permitted to be employed, is not covered by any of the other places enumerated in the act and cannot be restored by judicial construction.  (p. 74).

79 W. Va.

2. STATUTES—*Construction—Effect of Amendment.*

When a statute is so revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. (p. 75).

3. SAME—*Construction—Derogation of Common Law.*

Another pertinent rule of construction is that a statute in derogation of the common law, which imposes restrictions upon trade or common occupation, should be construed strictly. (p. 76).

4. MASTER AND SERVANT—*Workmen's Compensation Act—Persons Included.*

Sections 71 and 72, chapter 15H, Code 1913, prohibiting the employment of a minor under fourteen years of age, impliedly permits the employment of minors over that age, and their employment being lawful, section 9, chapter 10, Acts 1913, serial section 665, Code 1913, properly construed, comprehends them in the definition of employees protected and bound by the provisions of said act known as the Workmen's Compensation Act. (p. 76).

5. CONSTITUTIONAL LAW—*Due Process of Law—Equal Protection of Law—Workmen's Compensation Act.*

Said act establishing the Workmen's Compensation Fund, by the levying of premiums upon employers and employees, being a police regulation, is not invalid as violative of the due process clause, or the equal protection clause, of the state and federal constitutions. (p. 79).

6. MASTER AND SERVANT—*Injuries to Servant—Actions—Sufficiency of Evidence.*

The evidence in this case shows compliance by defendant with the provisions of said act respecting the posting of notices to its employees of its election to come under said act. (p. 81).

7. SAME—*Declaration—Matters of Defense—Issues and Proof.*

The general rule is that matters of defense should not be anticipated by the plaintiff, but that all such matters should be shown by the opposite party in his pleadings. And in actions on the case the plea of not guilty operates as a denial only of the breach of duty or wrongful acts alleged to have been committed by defendant, and no other defense than such denial is admissible under that plea. (p. 82).

Error to Circuit Court, McDowell County.

Action by Frank Rhodes, an infant, etc., against the J. B. B. Coal Company. Judgment for defendant awarding a new trial after verdict for plaintiff, and plaintiff brings error.

*Affirmed.*

*Stokes & Sale,* and *Ross & Pope,* for plaintiff in error.

*Anderson, Strother, Hughes & Curd,* for defendant in error.

MILLER, JUDGE:

From the judgment below setting aside the verdict and awarding defendant a new trial the plaintiff obtained the present writ of error.

The action is to recover damages for personal injuries sustained by plaintiff, an infant over fourteen, but under sixteen years of age, in defendant's coal mine. The declaration is in three counts, the demurrer to which and to each count thereof was overruled; and the defendant's two special pleas tendered were on plaintiff's objection rejected.

Recovery is sought upon plaintiff's supposed common law right of action for said injuries, due to defendant's alleged negligence, contributing thereto. Each count avers the failure of the defendant to elect to pay the required premium into what is known as the Workmen's Compensation Fund, and to post in conspicuous places typewritten or printed notices thereof about its place or places of business, as required by the statute, section 23, chapter 15P, Code 1913, in force at the time of plaintiff's employment and when his injuries were sustained. These counts are also predicated on the theory that a coal mine is a "factory, mill, workshop or manufacturing establishment" within the meaning of sections 71 and 72, chapter 15H, Code 1913, in force at the same time, section 71, prohibiting the employment of a child under fourteen years in any one of the enumerated places at any time, and section 72, prohibiting the employment therein of a child under sixteen years of age, except by permission as provided therein, and alleging failure of defendant to comply with the provision of the statute in relation thereto.

The first count is predicated on the theory of the unlawful employment of plaintiff, and that such employment was the proximate cause of plaintiff's injuries, entitling him to recover damages therefor; the second count is based on the theory that plaintiff was an immature infant, inexperienced in the work he was employed to do, and defendant's failure

to instruct and warn him of the dangers incident to his employment, resulting in his injuries; the third count alleges negligence in failing to use due and proper care and caution to provide plaintiff with a reasonably safe place to work, a safe track, and safe cars and appliances used in connection therewith, resulting in his injuries.

Respecting the two special pleas tendered by defendant, the first pleaded in defense its compliance with the Workmen's Compensation Act, chapter 15P, Code 1913, by paying the premium and posting notice of its election to come under said act as provided thereby; the second, plaintiff's application to the Commission and the award to and acceptance by him of the benefits provided by said act, estopping him from maintaining any action against defendant for his alleged injuries.

The record shows that the case has been twice tried. On the first trial the jury disagreed and was discharged. On the second trial the jury returned a verdict for plaintiff on the issues joined for ten thousand dollars, which the court, on defendant's motion, set aside and awarded it a new trial, but refused on its motion to enter judgment for it non obstante veredicto. This judgment was at the same term of the court, on plaintiff's motion, set aside, and defendant's motion for a new trial and judgment re-considered; and later the judgment now complained of was pronounced, sustaining defendant's motion to set aside the verdict, the special finding of the jury, and awarding it a new trial.

It nowhere appears from the record upon what ground or grounds the court below based the judgment complained of. We are of opinion, however, that the numerous questions argued here may all be solved, with one exception, by a proper construction of our statute, sections 71 and 72, chapter 15H, Code 1913. The heading preceding these and sections 73 and 74, is, "Employment of Minors in Mines, Factories, etc." But this heading is no part of the statute, and as amended by chapter 60, Acts 1911, is not descriptive of the provisions of the act, unless, as requested to do by counsel for plaintiff, we read into or so interpret the Act of 1911, as to include "mine", or mine is covered by some of the other places spe-

cifically mentioned in the act. In the original act, chapter 11, Acts 1887, composed of but two sections, and in chapter 15, Acts 1891, and chapter 75, Acts 1905, amending the original act, "mine" was included in the place or places where minors of the prohibited ages were not permitted to be employed. But in the last act, chapter 60, Acts 1911, the word "mine" was omitted, not only from section 71, but from section 72 also, being sections 1 and 2, of the Act of 1911. The original act of 1887, as well as the several subsequent acts, related to the employment of minors generally, and covered mines. But by chapter 78, Acts 1907, an entirely new and comprehensive act, the "Department of Mines" was created, and the whole subject of the conduct of mines, and who should be employed therein, was comprehensively dealt with, and section 17 thereof, the only provision relating to the subject, provided that: "No boy under fourteen years of age, nor female person of any age shall be permitted to work in any coal mine", etc. This law relating to mines so remained until chapter 10, Acts 1915, was enacted, which amended and re-enacted said chapter 78, of the Acts of 1907. Sections 32 and 33 of that act, passed subsequently to the time of the employment and the injuries complained of in this case, are sections 24 and 25, chapter 15H, Barnes' Code 1916, but they can have no bearing upon the question presented here. So we think it quite apparent that after the enactment of chapter 78, Acts 1907, which dealt with the whole subject of operating mines, the legislature must have acted advisedly and deliberately in dropping the word "mine" out of sections 1 and 2, of chapter 60, Acts 1911, and that it was not intended to cover mines in that general statute, for that subject had been covered by the particular statute pertaining to mines, and as section 17, of chapter 78, Acts 1907, same as section 26, chapter 15H, Code 1913, did not prohibit the employment of boys over fourteen years to work in mines, but impliedly permitted their employment, we ought not now read into the statute from which it was omitted the word "mine", nor by interpretation say, that either of the other places enumerated covers mines, as workshop, manufactory, etc.

It seems to be a well settled rule of construction that when

a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. The Supreme Court of Massachusetts, in *Ellis* v. *Paige,* 1 Pick. 43, 45, says: ''To hold otherwise would be to impute to the legislature gross carelessness or ignorance; which is altogether inadmissible.'' This rule has been fully recognized and stated in its fullness by a standard writer on statutory construction, 1 Lewis' Sutherland on Statutory Construction, (2nd ed.), section 270, with copious citation of decisions in the notes. See, also, *Combined Saw and Planer Co.* v. *Flournoy,* (Va.) 14 S. E. 976.

Another rule of interpretation is that a statute in derogation of the common law, which imposes restrictions upon trade or common occupation, should be construed strictly. *Sewall* v. *Jones,* 9 Pick. 412, 414; 2 Lewis' Sutherland on Statutory Construction, (2nd ed.) section 537; *Combined Saw and Planer Co.* v. *Flournoy, supra.*

Applying these reasonable rules to the statutes in question, we do not think we should accept the theories of plaintiff's counsel, that notwithstanding the Act of 1911 dropped the word ''mine'' we should hold that the other places enumerated in the statute should be construed as covering mines also.

We are of opinion, therefore, that as plaintiff was over fourteen years of age his employment in defendant's coal mine was not unlawful, and that defendant was fully protected by the Workmen's Compensation Law, if fully complied with, unless for some other reason the plaintiff was not bound thereby. And this brings us immediately to the consideration of three other propositions relied upon, namely: First, that plaintiff being an infant, under twenty one years of age, cannot be bound by his contract of employment, or brought under the provisions of the Workmen's Compensation Law; second, that the act itself, known as the Workmen's Compensation Act, or so much of it as exempts employers from liability for negligence, is unconstitutional and void, upon the ground that it deprives employees of their rights of property without due process of law, if not upon other constitutional grounds; and third, upon the ground that the defendant did

not comply with the provisions of the Workmen's Compensation Act, with respect to notices to its employees. If these propositions have not been successfully maintained it is quite clear that the judgment below must be affirmed.

First, then, does the act in question comprehend employees over fourteen, though under twenty one years of age, when lawfully employed in mines? Unless invalid we answer unhesitatingly that it does comprehend and cover infant employees lawfully employed. Certainly they are not by the terms of the statute excluded from its provisions. The statute was enacted for the benefit both of employers and employees. To say that the act does not cover the employment of infants whould be to deprive them of very material benefits, and of the protection of the compensation fund created by the act. If brought under the act, they are protected against their contributory negligence, the negligence of fellow servants, and the defense of assumption of risk, and the burden of doubtful and expensive litigation required before the statute would be removed. Disability of infancy being created by statute may certainly be removed by statute. A statute which makes it lawful to employ an infant over fourteen years of age in a coal mine should certainly receive a construction that will authorize him to make a lawful contract of employment, to bind himself thereby, and to participate in all the benefits which would accrue to him, under a statute made for the protection of employees. An infant may bind himself by his contract for necessaries; and he is liable in many instances for his torts. Moreover, our statute, section 9, chapter 10, Acts 1913, provides: "All persons in the service of employers, as herein defined, and employed by them for the purpose of carrying on the industries in which they are engaged (persons casually employed excepted) are employes within the meaning of this act, and subject to the provisions thereof." Infants are not excepted. And section 33, of this same act, relating to the benefits to accrue in case the injury to an employee causes death, provides, sub-section 2, that: "If the deceased employe be under the age of twenty-one and unmarried and leave a dependent father or mother, the father, or if there be no father, the mother shall be entitled to a pay-

ment of fifty per cent of the average weekly wage, not exceeding six dollars per week, to continue until the employee would have been twenty-one years of age.'' Here is a specific recognition in the statute of the right to employ infants over fourteen years of age, and giving to his dependents the benefits of the statute. In a note to *Hillestad* v. *Industrial Insurance Commission of Washington,* reported in 6 N. C. C. A. 763, the editor says: ''In very few decisions, either of courts or boards, has the question of the infancy of the employee been involved except incidentally. In a number of decisions where the injured employee was a minor, the same rules have been applied, the same reasoning followed and the same decision reached as though he were of age.'' He further says: ''In many of the Compensation Acts, no reference whatever is made to the age of the employees to whom they shall apply, but they are made to include all employees.'' Our act as we have seen comprehends all employees, and there is specific reference to infant employees in the provision of section 33, just referred to. The same annotator in his note to the case cited refers to the statutes of California, Illinois, Kentucky, and other states, which specifically define employees to include minors, and he refers also to the act of Rhode Island, which, like our own act, may be said to include minors only inferentially.

In England where the law is optional with both employers and employees, and when adopted imposes a direct liability on employers, and contains no insurance feature such as in our act, it seems to be generally held that infants are not bound unless on reference to the court the act be adjudged beneficial to them and superior to their common law rights of action for damages. Chartres on Judicial Interpretation of Workmen's Compensation Law, 554, et seq.; Elliott on the Workmen's Compensation Act, (7th ed.) 136; Knocker's Digest of Workmen's Compensation Cases, page 104, et seq. Recent decisions of this court deal with the employment of minors in coal mines, and recognize the right of such employment. We refer to *Norman* v. *Virginia-Pocahontas Coal Co.,* 68 W. Va. 405; *Burke* v. *Big Sandy Coal & Coke Co.,* *Id.* 421; *Blankenship* v. *Ethel Coal Co.,* 69 W. Va. 74; *Hon-*

.aker v. *Coal Co.,* 71 W. Va. 177; *Griffith* v. *American Coal Co.,* 75 W. Va. 686. And some of these decisions, notably the Norman Case, would not even deprive the employer of the defense of contributory negligence, where the injuries sustained .are not directly attributable to the unlawful employment. Upon these considerations we are of opinion that our statute, ·chapter 10, Acts 1913, should be construed as including infants between the ages of fourteen and sixteen years, as well .as infants above the age of sixteen, and bound by the provisions thereof.

On the second proposition, involving the constitutionality .of our Act, we have distinctly decided, in *De Francesco* v. *Piney Mining Co.,* 76 W. Va. 756, 86 S. E. 777, that section 26 thereof, denying to certain classes of employers certain common law defenses, is constitutional and valid. But the question presented here is, does the act deprive employees coming under the act of any of the constitutional guarantees to which they are entitled, as due process of law, the equal protection ·of the law, or right of trial by jury? Some of the earlier decisions, involving the construction of Workmen's Compensation statutes, distinguish statutes which are optional from those which by their terms are made compulsory upon the employer and employee, and holding the one class valid and the other invalid on constitutional grounds. For a brief account of this legislation and judicial history we refer to *Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514, reported also in Glass on Workmen's Compensation Law, page 403, with elaborate note beginning at page 409; *Memphis Cotton Oil Co.* v. *Tolbert,* (Tex.) reported in 7 N. C. C. A. 547, with elaborate note; *Jeffrey Mfg. Co.* v..*Blagg, Id.* 570, and note; and *Western Indemnity Co.* v. *Pillsbury,* 10 N. C. C. A. 1, with elaborate note thereto. Among the earliest of these statutes to be brought in question was the first New York statute, 1910, in *Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271, 34 L. R. A. (N. S.) 162. This statute created a direct liability upon the employer, was compulsory, and made the employer liable whether negligent or not. The Supreme Court held the act invalid for this reason, in that it deprived the employer of his liberty and property without due process of law. The stat-

ute did not create an insurance fund as does our statute, to which employer and employee were required to contribute by way of premium, etc.

The next statute which seems to have been assailed was the Montana Act, of 1909. The Supreme Court of that state, in *Cunningham* v. *North Western Improvement Co.*, 44 Mont. 180, 1 N. C. C. A. 720, held that the general scheme of the act in providing a system of industrial insurance for miners was valid as an exercise of the police power of the state, since it tended to minimize indigency, and the enormous expense of operating courts, and the premiums imposed to create the fund were regarded as an occupational tax. This decision seems to have been based upon the principle enunciated by the Supreme Court of the United States in *Noble State Bank* v. *Haskell*, 219 U. S. 104, and *Assaria State Bank* v. *Dolley*, *Id.* 121, and which decisions the New York Court of Appeals refused to follow in the Ives Case, in construing the provision of the state constitution.

The next statute of a compulsory character was the Act of Washington, of March 14, 1911, limited to certain designated hazardous employments. It also created an accident fund, as did the Montana statute, and did not, as did the original New York statute, impose a direct liability upon the employer. This act was held to be constitutional and valid in *State ex rel. Davis-Smith Co.* v. *Clausen*, 65 Wash. 156, 3 N. C. C. A. 599, both against the contention that it created a liability without fault, and that it took the property of one employer to pay the obligation of another.

Still later the new act of New York, of 1914, passed subsequently to the amendment of the Constitution of that state, permitting compulsory legislation of this character, was assailed on constitutional grounds. This time the provisions of the federal constitution were invoked to invalidate it. *Jensen* v. *Southern Pacific Co.*, *supra*. The new act containing the insurance feature, characterized as an industrial insurance act, was similar to our act, and the act of the State of Washington referred to. The new act was sustained by the New York court, the court distinguishing it from the first act, in

that the latter act made no attempt to distribute the burden, and subjected the employer to a suit for damages.

The next compulsory statute to be upheld by the highest appellate court was the statute of California, of 1913. *Western Indemnity Co.* v. *Pillsbury, supra.* This statute is a direct liability statute, but it seems to anticipate or assume that the employer will be insured against liability by indemnity insurance in some indemnity insurance company. Other decisions referred to in the notes to the cases cited might be here reviewed with profit, but we think it suffices to say that in no instance does any of the later decisions invalidate statutes like ours, containing the insurance feature and imposing the burden of providing the fund alike upon employer and employee. Our statute is not strictly a compulsory one, the employer may or may not qualify under it. The penalty for not doing so is to deprive him of the defenses enumerated. It is compulsory upon the employee to the extent only that if he remains in the service of his employer after notice that the latter has elected to come under the statute, and has complied with the requirements thereof, he shall be deemed to have waived his common law right of action for injuries sustained. Prior to the enactment of any of these Workmen's Compensation statutes we judicially know that many industrial corporations found it necessary for their protection to insure against liability for personal injuries to employees. Legislative acts like ours though compulsory are but other forms of industrial insurance. We are asked in this case to follow the earlier decisions, which denied the validity of the statutes, but we must decline to do so in the face of the more recent and well considered cases, and which we think are more in consonance with reason and enlightened public policy.

On the third proposition, that proper notices were not posted by the defendant, we have carefully reviewed the evidence on this question, and notwithstanding the specific finding of the jury, we think it conclusively shows that proper notices were posted. There is some testimony of a negative character it is true to the effect that the notices so posted were not observed by the witnesses, but that at least five notices were posted at the place or places of business of defendant is prov-

en beyond question by numerous witnesses. Whether plaintiff saw the notices is immaterial if they were actually posted. *Daniels* v. *The Charles Boldt Co.,* 78 W. Va. 124, 88 S. E. 613. Moreover, the plaintiff evidently had notice for he applied for and was awarded compensation out of the Workmen's Compensation Fund. We do not think, therefore, that the special finding of the jury that proper notices were not posted should be allowed to stand upon the evidence adduced upon the trial.

From the foregoing it is manifest that the first count of the declaration predicated solely upon the theory that plaintiff's employment was illegal, and such illegal employment the proximate cause of his injuries, was bad on demurrer, and that the demurrer thereto should have been sustained.

The second and third counts we think present good causes of action, and the demurrer thereto was properly overruled.

The rejection of the defendant's special pleas numbers one and two is complained of by defendant, and relied upon by way of cross-assignments of error. As to special plea number one, the several counts of the declaration anticipate the defense and undertake to negative the facts averred in the plea. The question presented is whether these negative averments of the declaration, with the general plea of not guilty, properly present the issue sought to be presented by the plea.

The general rule is that matters of defense should not be anticipated by plaintiff in his pleadings; such matters should be shown by the opposite party in his pleadings. *Simmons* v. *Insurance* Co., 8 W. Va. 474, 480, and authorities cited. There is nothing in this case to take it out of the general rule. In actions on the case the plea of not guilty operates as a denial only of the breach of duty or wrongful acts alleged to have been committed by the defendant, and not facts stated in the inducement, and no other defense than such denial is admissible under that plea. 1 Chitty on Pleading, (16th ed.) star pages 518, 519. See cases digested in 4 Va. & W. Va. Dig. p. 7310, section 59. In the case at bar the record shows that the matter of defense presented in the plea was fully gone into and the jury instructed thereon, so that we can not

say that defendant was prejudiced by the erroneous rejection of its plea, if no other errors appeared.

· Respecting the rejection of special plea number two, we see no error. On plaintiff's theory that his employment was illegal, and that defendant had not complied with the Workmen's Compensation Law, being under age, he would not be estopped by his application for and the award to him of compensation. 22 Cyc. 589, 598. See, as somewhat pertinent, *Mercer* v. *Ott, Com'r.,* 78 W. Va. 629, point 3 of the syllabus.

Respecting the instructions to the jury given and refused, we are of opinion that defendant's instruction number one, to find for it, should, on the evidence adduced on the last trial, have been given. The evidence on another trial possibly may be different. On the new trial awarded the instructions will of course conform to the principles herein enunciated, so we think it unnecessary to deal specifically with any of the other instructions.

For the reasons aforesaid we are of opinion to affirm the judgment awarding the defendant a new trial.

*Affirmed.*