FRANK W. PIERSON, JR. *v.* S. G. LIMING

(No. 7395)

Submitted November 1, 1932. Decided December 6, 1932.

*Steptoe & Johnson, Stanley C. Morris,* and *J. Hornor Davis II,* for plaintiff in error.

*Salisbury & Lopinsky,* for defendant in error.

LIVELY, JUDGE:

On November 24, 1930, Frank Pierson, Jr., (hereinafter called plaintiff) age six years and three months, was struck and injured by defendant's automobile when plaintiff stepped or jumped from between two automobiles parked on Koontz Avenue in the town of Clendennin. Plaintiff procured a judgment of $1500.00 against defendant for injuries sustained, and defendant seeks to reverse that judgment on the ground that the court erred in giving and refusing certain instructions.

A photostatic copy of the map will be helpful in visualizing the situation. (See map on opposite page). It will be noted that Koontz Avenue parallels Elk River and is nineteen feet in width. Just prior to the accident, defendant had driven from his home (782 feet above the schoolhouse) down Koontz Avenue in the direction of the schoolhouse. A number of automobiles were parked on Koontz Avenue on defendant's right as he

approached the schoolhouse. (Defendant says the cars were parked for a distance of 400 feet; another witness says 100 feet.) From a point about eight to twelve feet above the fire plug in front of the school and extending down Koontz Avenue for forty or fifty feet, there was an unobstructed space. According to defendant, he observed a truck approaching from the opposite direction and he pulled over behind the cars "to let the truck go by"; but, observing that the driver of the truck likewise drove into a vacant space, defendant continued down Koontz Avenue (his right wheel about three feet from the parked cars) and did not see plaintiff until he jumped into the street from between two of the parked cars, at which time plaintiff was "immediately in front of the car". Other witnesses for defendant say he was from two to eight feet from plaintiff when the latter jumped. Liming's version is that plaintiff took no steps after he hit the street pavement but did attempt to pivot on his left foot in an attempt to turn, and that the bumper just in front of the right wheel struck plaintiff and broke his left leg. Dr. Banks who treated the injury was of the opinion that no permanent injury was inflicted.

The driver of the truck which defendant alleges he met could not be located to testify. Two other persons—Lucas and Naylor—testify that they witnessed the accident. These two witnesses were riding in a truck which Naylor drove and which followed defendant, the distance between the cars being from thirty to one hundred feet, and Lucas directed Naylor's attention to plaintiff and a companion who were then coming out of the school walkway toward the sidewalk on Koontz Avenue. Both say they observed plaintiff "stick his head out" from between the cars, and Lucas says that plaintiff looked up and down before he jumped into the street. Lucas places defendant about fifty or sixty feet away from plaintiff at that time, and estimates defendant's speed at between twenty and thirty miles an hour. Liming says he was going about twelve miles an hour, and all witnesses, other than Lucas, whose testimony relates thereto, corroborate defendant's estimate of speed. The accident occurred between one and two o'clock during the daytime and after the afternoon session of school had convened.

Defendant charges that it was error for the court to have given plaintiff's instruction No. 1, which read as follows:

"The court instructs the jury that the operator of an automobile on a public thoroughfare must increase his exertions in order to avert danger to children whom he may see or by the exercise of reasonable diligence should see near the public highway; that their lack of capacity to apprehend and guard against danger makes such care and caution necessary; that if the jury believe from all the evidence in this case that Frank Pierson, Jr., was standing on or near the curb or the edge of Koontz Avenue, and while in such position the defendant saw or in the exercise of reasonable care should have seen him in that position, for a sufficient distance to enable him to avoid striking the child if he should get in the way of defendant's car, the defendant shoud have approached said point expecting that Frank Pierson, Jr., might run across in front of his automobile and under such circumstances he should have operated his automobile so as to keep it under such control as would permit him to keep from striking Frank Pierson, Jr., in the event that he would run across the street immediately in front of defendant's automobile, and if you believe from all the evidence that the defendant failed to exercise such care and caution and as a proximate result thereof Frank Pierson, Jr., was struck and injured by the defendant's automobile, then the plaintiff is entitled to recover."

This instruction, in substance, tells the jury if they believe that defendant did not use due care and caution to observe the child near the street, or standing on or near the curb, and did not have his car in such control as to prevent striking the child if he might run across the street immediately in front of defendant's automobile, and that the failure of defendant to use such due care and caution was the proximate result of the striking and consequent injury, then the plaintiff was entitled to recover. It is a binding instruction, and ignores the defense of contributory negligence, unless it can be said that the phrase "as a proximate result thereof (lack of due care and caution) Frank Pierson, Jr., was struck and injured", adequately submitted the question of the child's contributory negligence to the jury. Plaintiff relies upon *Vargo*

v. *Cochrane,* 108 W. Va. 607, 152 S. E. 8, to sustain the instruction in that regard. That case is quite different from the instant one. In that case, the road was full of school children who had been dismissed from the school building at the noon hour, and we held that defendant's negligence was established *as a matter of law,* and that the giving of the instruction that there should be a verdict for plaintiff if the jury found from the evidence that the negligence of defendant was the proximate cause of the injury, would not be cause for reversal on the theory that the instruction *ignored the defense of contributory negligence affirmatively presented by other instructions in the case.* See pt. 3, Syl., of that case. In the instant case, defendant sought to have the question of contributory negligence presented to the jury by instructions which were *refused.* ''The proximate cause of an injury is the last negligent act contributing thereto, and without which such injury would not have resulted.'' *Schwartz* v. *Shull,* 45 W. Va. 405, 31 S. E. 914. If an instruction, as above worded, presents to the jury the question of contributory negligence, it would, by the same reasoning, present to the jury the last clear chance doctrine. In *Schwartz* v. *Shull, supra,* Judge Dent said: ''The legal definition of the word proximate is very hard for those unlearned in the law to understand, and the jury might easily be misled into the belief that any act of negligence, however remote, was the proximate cause of an accident.'' In the instant case, defendant's evidence that the child suddenly ran out from between the parked cars immediately in front of his automobile without time on his part to avoid hitting it, was buttressed by other eye witnesses, and presented a question of contributory negligence, assuming that defendant did not use due care and caution in the operation of his car in passing the school zone, and under this evidence defendant was entitled to have that question presented to the jury by proper instructions. It is well established that if there is appreciable evidence tending to prove a case supposed in an instruction, the instruction should be given, if correct in its law. *Hopkins* v. *Richardson,* 9 Gratt. 485. Here, we have strong evidence of a fact, not merely appreciable evidence. Hence, it follows that defendant's refused instruction on the question of contributory negligence should have been given, and plaintiff's

binding instruction No. 1 should have been refused because ignoring the defense of contributory negligence or at least not clearly bringing it before the jury and likely to mislead. It may be observed that many lawyers apparently do not have a clear conception of the meaning of the proximate cause of an injury. There was no attempt to define or explain its technical legal meaning to the jurors unlearned in the law. A binding instruction is erroneous which excludes the theory of one of the parties and which the evidence, in any appreciable degree, tends to support. Instructions which ignore the theories of the defendant or narrow their scope covered by the evidence constitute reversible error. *Trippett* v. *Pub. Ser. Co.*, 100 W. Va. 319, 130 S. E. 483, and cases there cited.

But plaintiff says that contributory negligence on the part of the infant has no place in this case; that the court so held; and therefore no instructions thereon were proper, and the binding instruction No. 1, given, was proper even if it did ignore that purported defense. Defendant sought to prove that the child, although of tender years was an honor student in school, that he had been previously injured by an automobile in the same vicinity, and that therefore he fully comprehended the danger, and was capable of contributory negligence. That evidence was admitted. In some jurisdictions a child under seven years of age is conclusively presumed to be incapable of exercising any care for his own safety, but a majority view is to the effect that whether a child is capable of exercising any care is determined by consideration of its age, intelligence, experience, discretion, previous training, maturity, alertness, and the nature of the danger encountered. 45 C. J., sec. 553, page 1002. Point 5, Syllabus, *Ewing* v. *Lanark Fuel Company*, 65 W. Va. 726, 65 S. E. 200, 201, reads: ''An infant 14 years of age or over is presumed to possess sufficient mental capacity to comprehend and avoid danger * * *; but if under the age of 14, he is presumed not to possess such capacity, and in an action by him for negligence causing his injury the burden of proving his capacity is on the defendant.'' The opinion recognizes that both presumptions are rebuttable. (See page 732 of the Report.) In *Prunty* v. *Traction Company*, 90 W. Va. 194, 110 S. E. 570 573, the court recognized that a child three years of age might

have sufficient capacity to understand and appreciate the dangers incident to some situations in which it would be placed; and the court stated that: ''Ordinarily, we would say that it would be better to submit the question to the jury, for rarely, if ever, will a jury, when properly instructed, attribute to an infant of tender years of the plaintiff contributory negligence such as to bar a recovery for an injury sustained by him, unless the circumstances are such as to mandatorily require such finding.''

By plaintiff's instruction No. 2, the court recognized that the child might have been capable of contributing to his injury, for it told the jury that the law presumes that a child of six years cannot be guilty of contributory negligence, a presumption that defendant must rebut by evidence and circumstances establishing his maturity and capacity, and told the jury that if they believed defendant was negligent and that such negligence was the proximate cause of the injury, then they should find for plaintiff. The language of this instruction militates against the argument of plaintiff's counsel that the court considered that the child could not be charged with contribution to his injury. That instruction, while telling the jury that the burden was on defendant to rebut the legal presumption by evidence or circumstances establishing maturity and capacity in the infant, does not squarely put before the jury the question of contributory negligence on his part, but says that if they believe that defendant's negligence was the proximate cause of the injury, then they should find for plaintiff. That instruction is subject to the same criticism herein expressed against instruction No. 1. It may be said that the instruction by indirection placed the question of contributory negligence before the jury and that they considered it. The instruction is inaptly drawn, and counsel, in all similar cases, should be more meticulous in setting out a material defense supported by appreciable evidence in drawing binding instructions. The purpose of instructions is to enlighten the jury on the law, and they should be simple, clear and concise statements of the law applicable to the evidence. Instructions which are indefinite, uncertain or indirect, and likely to mislead should be refused. But admitting (but not conceding) that this instruction submitted to the jury the con-

tributory negligence of the child, which of the two binding instructions would control? The defect in a binding instruction is not cured by other instructions, as we have consistently held.

The judgment is reversed, verdict set aside and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*