JOHN ROBERT PITZER

*v.*

M. D. TOMKIES & SONS, *A Corporation*

(No. 10393)

Submitted September 26, 1951. Decided November 6, 1951.

R. G. *Lilly, M. E. Boiarsky, Paul J. Carr, Sr.,* for plaintiff in error.

D. D. *Ashworth, Walter M. Elswick,* for defendant in error.

LOVINS, JUDGE:

This action, brought in the Circuit Court of Summers County by John R. Pitzer against M. D. Tomkies & Sons, a corporation, had for its object the recovery of damages for an injury suffered by plaintiff on December 20, 1941, in the course of his employment with defendant. A jury trial resulted in a verdict for plaintiff in the amount of $2,500.00. The trial court, after overruling a motion to set aside the verdict, entered judgment. On application of defendant, this Court granted a writ of error and supersedeas.

This action, commenced on or about March 2, 1950, is grounded on allegedly illegal employment of the plaintiff by the defendant in violation of Sections 1 and 3, Article 6, Chapter 75, Acts of the Legislature, 1939. Such chapter is hereinafter designated as Code, 21-6, as reenacted and amended.

The plaintiff was approximately twenty-two years of age at the time this action was brought. In August, 1941, plaintiff, then about thirteen years and seven months of age, was employed by the defendant in and about the operation of a grocery store in the City of Hinton. There is some conflict in the testimony as to the exact nature of his employment, plaintiff testifying that he was required to weigh various commodities until he became familiar with the store; and thereafter he was required to deliver groceries to customers of the defendant. He purchased a bicycle, using in part payment of the purchase price the sum of $1.50 lent him by one of the officers and stockholders of the defendant.

Defendant denies that plaintiff was required to deliver groceries by means of a bicycle. But since the jury has found a verdict in favor of plaintiff, we treat the plaintiff's version of his duties as being true.

At and before the time of plaintiff's injury, he had been working part time at defendant's store and was attending public school in the City of Hinton.

Plaintiff, while delivering groceries for defendant and traveling on a public street in the City of Hinton, turned the bicycle, on which he was riding and carrying groceries, to his left in order to avoid colliding with the automobile immediately in front of him going in the same direction. In so doing, he struck the front fender of an automobile going in the opposite direction. The collision resulted in a fracture of the left femur, fracture of bones in his hand, and contusions. Plaintiff, in testifying, admitted in effect that the collision was his fault. The automobile with which plaintiff collided was driven by a person who had no connection with defendant, except possibly on occasions he had been one of defendant's customers.

Neither the plaintiff nor his parents have made any demand upon or attempted to collect damages from the owner and driver of the automobile which injured him.

Defendant demurred to the original declaration and assigned various grounds which will be hereinafter discussed. The demurrer was overruled. Thereafter, plaintiff filed an amended declaration which later, on his own motion, was withdrawn from the record. The issues of fact arising upon the original declaration and defendant's plea of not guilty resulted in the verdict and judgment as above stated.

This record presents the following controlling questions: (1) Was defendant's demurrer to the original declaration properly overruled? (2) Should the motions made by defendant to strike the evidence and direct a verdict have been sustained? (3) Was it error to

give plaintiff's instructions 1 and 2 and refuse defendant's instructions A and 2? (4) Is there any reason for sustaining defendant's motion to set aside the verdict and grant defendant a new trial?

The gravamen of plaintiff's action is the alleged violation by defendant of Sections 1 and 3 of Code, 21-6, as reenacted and amended. Section 1, *id.*, reads as follows: "Except as permitted and authorized by the provisions of this Article, no child under the age of sixteen years shall be employed, permitted or suffered to work in, about, or in connection with any gainful occupation other than agriculture, horticulture or domestic service in a private home." Section 3, *id.*, permits the employment in gainful occupations of children under the age of sixteen years upon performance by the employer of certain conditions. None of the conditions were met by defendant. Hence, a recital and discussion of those conditions are unnecessary. Various other provisions contained in Code, 21-6, as amended and reenacted, are likewise not pertinent. It may be noted, however, that Section 10 of Article 6, *id.*, provides for fines and imprisonment to be assessed and enforced against persons violating the provisions of such article. No civil liability is imposed upon a defendant who violates the provisions of Code, 21-6, as amended and reenacted, but Code, 55-7-9, in general, permits the recovery of damages sustained by reason of the violation of any statute.

The declaration in the case at bar is challenged on the following grounds: (a) that it alleges no cause of action, (b) that it fails to allege any specific act or acts of negligence which possibly caused injuries to plaintiff, (c) that it does not allege that the violation of the statutes was the proximate cause of the injury, (d) that it fails to allege the injury suffered by plaintiff was a foreseeable and probable result of his employment, or that an inference of such result might be made from the facts alleged, (e) that the declaration shows that the employment of plaintiff was not the proximate cause of plaintiff's injury, (f) that the declaration shows that the proximate

cause of the injuries to plaintiff was the collision between plaintiff's bicycle and the automobile driven by a stranger, and (g) that no actionable negligence of defendant is charged.

A declaration which does not expressly aver that the unlawful employment was a natural and proximate cause of the injury is nevertheless good on demurrer. *Bobbs v. Press Co.*, 89 W. Va. 206, 108 S. E. 879; *Dale v. Steel Corporation*, 112 W. Va. 138, 164 S. E. 245. It suffices to say that a cause of action is clearly and explicitly alleged in the declaration in the instant case. True, the declaration does not aver that the injury suffered by plaintiff was a foreseeable and probable consequence of his employment, but from the facts alleged it may be inferred that when the plaintiff was illegally employed to deliver groceries in the City of Hinton it was foreseeable and probable that he might be injured by a motor or other vehicle using the streets of that city.

We think that defendant's contention that the declaration does not sufficiently allege that the proximate cause of the injuries to plaintiff was a collision between the bicycle on which he was riding and the automobile driven by a stranger is untenable. The declaration alleges the duty of the defendant to refrain from employing children without a work permit, the breach of that duty, and the resultant injury to plaintiff.

The demurrer to the declaration was properly overruled.

All of the contentions made by the defendant resolve themselves into three points: (1) That the illegal employment of plaintiff and failure to obtain a work permit were not the proximate cause of plaintiff's injury. (2) That plaintiff's contributory negligence was the proximate cause of his injury. (3) That there was an entirely independent and unrelated cause which intervened between the negligence of defendant and the actual occurrence of the accident, which was the proximate cause of the accident.

It is a rule of general application in this jurisdiction that the violation of a statute or ordinance which proximately causes an injury gives rise to a cause of action. *Oldfield* v. *Woodall,* 113 W.Va. 35, 166 S.E. 691; *Powell* v. *Mitchell,* 120 W.Va. 9, 196 S.E. 153; *Skaff* v. *Dodd,* 130 W.Va. 540, 44 S.E. 2d 621; *Rich* v. *Rosenshine,* 131 W.Va. 30, 45 S.E. 2d 499.

The violation of statutes forbidding the employment of children under fourteen years of age, whenever that violation is the natural and proximate cause of an injury, constitutes actionable negligence. *Norman* v. *Coal Co.,* 68 W.Va. 405, 69 S.E. 857; *Burke* v. *Coal and Coke Co.,* 68 W.Va. 421, 69 S.E. 992; *Daniel* v. *Coal & Coke Co.,* 68 W.Va. 490, 69 S.E. 993; *Blankenship* v. *Coal Co.,* 69 W.Va. 74, 70 S.E. 863; *Honaker* v. *Coal Co.,* 71 W.Va. 177, 76 S.E. 180; *Dickinson* v. *Stuart Colliery Co.,* 71 W.Va. 325, 76 S.E. 654; *Griffith* v. *American Coal Co.,* 75 W.Va. 686, 84 S.E. 621; *Mangus* v. *Coal Co.,* 87 W.Va. 718, 105 S.E. 909. See *Wills* v. *Coal Co.,* 97 W.Va. 476, 125 S.E. 367.

We bear in mind that practically all of the cases involving illegal employment of infants, decided in this jurisdiction, relate to employment in coal mines or factories, but we are not without authority from other jurisdictions wherein the facts before the court are strikingly similar to those in the instant case.

In the case of *Terry Dairy Co.* v. *Nalley* (Ark.), 225 S.W. 887, an infant had been employed by the defendant to drive a delivery wagon to make deliveries of ice cream and milk. While so engaged, he was thrown from the wagon and injured. It was held in that case that the illegal employment of the infant was the proximate cause of his injury, that violation of the statute was negligence *per se,* and that the illegal employment must have a causal relation to the injury. There is little difference in the controlling principle of that case and the case of *Norman* v. *Coal Co., supra,* although it was held in the *Norman* case that the employment of the infant was not negligence *per se* but only *prima facie* negligence.

The illegal employment of a minor to work during hours prohibited by statute in delivery of messages was held to be the proximate cause of injuries suffered by him while performing the duties of such employment. *Western Union Telegraph Co.* v. *Ausbrooks* (Tenn.), 257 S.W. 858.

The assumption of risk and the fellow servant rules are not available as defenses where the gist of the tort is the violation of the child labor statute. *Norman* v. *Coal Co., supra.* But this Court has held that contributory negligence is available as a defense if it can be shown by the offending employer that the child, who contributed to his injury, had extraordinary wisdom and full appreciation. of the dangers incident to his employment. *Norman* v. *Coal Co., supra; Honaker* v. *Coal Co., supra; Griffith* v. *American Coal Co., supra.* See *Swope* v. *Coal & Coke Co.,* 78 W.Va. 517, 89 S. E. 284; *Rhodes* v. *Coal Co.,* 79 W. Va. 71, 78, 90 S. E. 796, Annotation 171 A.L.R. page 906.

It is a general rule that a child between the ages of seven and fourteen years is presumed to be incapable of contributory negligence. Such presumption, however, is rebuttable. *Ewing* v. *Lanark Fuel Co.,* 65 W. Va. 726, 65 S. E. 200; *Adams* v. *Railway Co.,* 73 W. Va. 698, 80 S. E. 1115; *Goff* v. *Dairy Co.,* 86 W. Va. 237, 103 S. E. 58; *Pierson* v. *Liming,* 113 W. Va. 145, 149, 167 S. E. 131; *French* v. *Sinkford,* 132 W. Va. 66, 54 S. E. 2d 38, 39. The legislative intent as disclosed by Code, 21-6, as amended and reenacted, is clear. Application of the principle that an infant may be shown to be guilty of contributory negligence virtually emasculates the provisions of the statute inhibiting the employment of children in gainful occupations.

We are of the opinion that contributory negligence of a child employed in violation of Code, 21-6, as amended and reenacted, is not available as a defense in an action based on such violation. Conformable to the foregoing, we overrule all expressions to the contrary found in the

syllabi and opinions in the cases of *Norman* v. *Coal Co., supra; Honaker* v. *Coal Co., supra; Griffith* v. *American Coal Co., supra.*

The employment of child labor has brought the enactment of legislation prohibiting it in most if not all of the states of this nation. The detrimental effect of such employment can not be gainsaid. The employment of children, in many instances, prevents the development of bodily and mental faculties of a child and may result in the development of an undesirable citizen. Some of the origins of crime, immorality and depravity may be traced to the indiscriminate and unregulated employment of child labor. The statutory inhibition and regulation of such employment is salutary and should be upheld unless some principle of organic law is violated.

Defendant takes the position that even if the defendant were negligent, the intervening act of a stranger actually caused the injury. "If an intervening event against which the statute evidently did not intend to provide, and the appearance of which was not anticipated by the spirit and purpose of the act, has in fact caused the injury, that event is plainly the proximate cause." *Norman* v. *Coal Co., supra,* at page 409.

Undoubtedly, the plaintiff was employed at a gainful occupation in violation of the statute, and he, of necessity, was expected to use the streets of Hinton in making delivery of groceries. It is a reasonable assumption that the statute was designed and intended to protect him against the dangers he would encounter in making such deliveries, and therefore there was no break in causal relation between the injury and the original negligence of defendant. See *Terry Dairy Co.* v. *Nalley, supra; Western Union Telegraph Co.* v. *Ausbrooks, supra.*

Defendant cites the case of *Picou* v. *J. B. Luke's Sons et al.* (La.), 16 So. 2d 466. There, the action of the plaintiff against her decedent's employer was not grounded upon the violation of a statute prohibiting child labor, but was premised upon a failure by the decedent's em-

ployer to obtain an age and employment certificate under a statute authorizing the issuance by certain officials of such certificates. It was there held that the issuance of such a certificate would not have prevented the accident giving rise to plaintiff's action, and hence there was no causal connection between the neglect to obtain the certificate under the statute and the accident. The *Picou* case is not applicable to the case at bar.

The motions to strike the evidence made by the defendant at the conclusion of the plaintiff's case and at the conclusion of all the evidence, were properly overruled. The evidence on behalf of the plaintiff is not substantially controverted. It shows that the plaintiff was illegally employed by the defendant at a time when he was under the age of fourteen years of age, and no permit for his employment was obtained. There is some indication in the record that the plaintiff was not required to use a bicycle in making delivery of groceries and also an intimation that, at the time of his injury, he was delivering groceries to his own home, but that testimony is not sufficient to destroy the effect of the evidence offered by the plaintiff.

Plaintiff's instruction 1 stated the substance of Section 1, Code, 21-6, as amended and reenacted, and followed without any substantial deviation the principles hereinabove adverted to relative to a violation of the child labor law as constituting actionable negligence. We see no error in the giving of that instruction.

Plaintiff's instruction 2 is as follows: "The Court instructs the jury that if you believe from the evidence in this case that the defendant relies, in whole or in part, on the defense of contributory negligence, then the burden is upon the defendant to prove by a preponderance of all the facts and circumstances in the case such contributory negligence; and the evidence must show to the satisfaction of the jury that the acts of the plaintiff at the time and place of injury were not such acts as must have been reasonably anticipated by the defendant as the

probable consequence of its violation of the statute by its employment of the plaintiff; and that the plaintiff at the time of the injury was possess[ed] of such wisdom, sagacity, experience as to take him out of the class of youths under fourteen years of age, which the child labor statute was intended to protect." We find no error in the giving of plaintiff's instruction 2. Such instruction correctly states the law in this jurisdiction, as hereinabove stated.

Defendant's instruction A would have instructed the jury to find for the defendant. For the reasons hereinbefore given, that instruction was properly refused.

Defendant's instruction 2 reads as follows: "The Court instructs the jury that an employer is not liable in every case of injury to an employee under the age of sixteen years, who is employed in violation of a statute, but the fact that the employer's act complained of was a violation of a statute is merely a circumstance to be considered by the jury on the question of negligence: the true question to be determined is: Did the unlawful employment proximately cause the injury, or in other words, was the injury complained of a natural and probable consequence of the violation of the statute: Therefore, if you believe that the injury complained of in this case was not a natural and probable consequence of the violation of the statute, then your verdict shall be for defendant." The vice of that instruction consists in the statement that the employment of the plaintiff in violation of the statute was merely a circumstance to be considered by the jury on the question of negligence. Principles adopted and approved in the opinions of this Court are to the contrary. The latter part of defendant's instruction 2 partially states a sound principle of law as an abstract proposition, but the instruction as tendered was properly refused.

The motion to set aside the verdict was properly overruled. There is no basis shown in this record on which that motion should have been sustained, and the judgment of the trial court thereon was correct.

In view of the foregoing, the judgment of the Circuit Court of Summers County is affirmed.

*Affirmed.*