**Brenda Long WALKER, Plaintiff,**

**v.**

**David GRIFFITH and Randy Wayne Meador, Defendants.**

**Daniel Lee WALKER, Plaintiff,**

**v.**

**David GRIFFITH and Randy Wayne Meador, Defendants.**

**Civ. A. Nos. 85–0032, 85–0033.**

United States District Court, W.D. Virginia, Roanoke Division.

Jan. 21, 1986.

Jeffrey H. Krasnow, Roanoke, Va., James S. Arnold, King, Betts & Allen, Charleston, W. Va., for plaintiff.

James F. Johnson, Johnson, Ayers & Matthews, Roanoke, Va., Robert S. Jacobson, Lewisburg, W. Va., James R. Austin, Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

On June 21, 1984, plaintiffs Daniel Lee Walker and Brenda Long Walker filed these diversity actions seeking relief for personal injuries sustained in an automobile accident. Named as defendants were David Griffith, the driver of the other automobile involved in the accident, and Randy Wayne Meador, owner and operator of the Red Sulphur Springs Road House, a business licensed by the State of West Virginia to sell alcoholic beverages for on-premises consumption. Defendant Meador has moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Walkers' claims for failure to state a claim for which relief can be granted. For the reasons set forth below, defendant Meador's motion to dismiss is denied.

The plaintiffs Walker allege that on the evening of March 12, 1983, Griffith was operating a vehicle on Route 12 near Cashmere in Monroe County, West Virginia. They allege that Griffith was highly intoxicated when operating the vehicle, and that he became intoxicated at the Red Sulphur Springs Road House, a tavern owned by defendant Meador. Plaintiffs further allege that Meador or his employees negligently served Griffith while he was already intoxicated, served Griffith despite the fact that he had not paid the cover charge which would have made him a member of the club, and then ejected him from the tavern. Following his ejection from the tavern, and while driving on Route 12, the Walkers allege that Griffith failed to properly control his car. As a result of the ensuing accident, they sustained serious injuries. The Walkers seek to hold both Griffith and Meador liable for damages.

The current status of the existence of a private cause of action in West Virginia against the vendor of alcoholic beverages for the injuries inflicted by an intoxicated patron and sustained by a third party is not clear. The question has not been addressed by the West Virginia courts. This Court has indicated its willingness to certify a question, pursuant to W.Va.Code § 51-1A-1, to the Supreme Court of Appeals of West Virginia. The parties have expressly stated that they do not wish to take advantage of the certification procedure. Accordingly, this court must apply the law that it appears the highest court of West Virginia would apply. *See Brendle v. General Tire & Rubber Co.*, 505 F.2d 243, 245 (4th Cir.1974).

In support of his motion to dismiss, Meador asserts that West Virginia does not recognize a cause of action brought against a vendor of alcohol for the damages inflicted by an intoxicated patron and sustained by a third party. Meador notes that West Virginia statutes do not provide for such a cause of action. In addition, Meador contends that the general common law rule does not permit such a cause of action, and that West Virginia adheres to the common law position. In response, the Walkers contend that the West Virginia courts would recognize a common law action for damages of the type they bring here. In addition, the Walkers assert that W.Va. Code § 60-7-12 gives rise to a private cause of action against Meador. This court need not reach the question of whether W.Va.Code § 60-7-12 gives rise to a private cause of action, however, for this

court is convinced that the West Virginia courts would recognize a common law cause of action in the instant case.

While the West Virginia legislature has not specifically imposed civil liability on tavern owners for injuries arising out of the sale of alcoholic beverages, it has recognized the inherent unreasonableness of Meador's alleged conduct in W.Va.Code § 60–7–12. Under § 60–7–12, a tavern owner who sells an alcoholic beverage to an intoxicated individual or an individual who is not a member in good standing of that club is guilty of a misdemeanor and stands to have his liquor license revoked or suspended. *See* W.Va.Code §§ 60–7–12(c) and 60–7–13. While it is not clear whether § 60–7–12 gives rise to a private cause of action, it does serve to define a minimum standard of care applicable to those who serve alcoholic beverages. West Virginia courts have consistently ruled that violation of a statute raises a rebuttable presumption of negligence, and will support a recovery for damages where the violation is the proximate cause of the injury complained of. *Flanagan v. Mott,* 145 W.Va. 220, 114 S.E.2d 331, 335 (1960); *Pitzer v. M.D. Tomkies & Sons,* 136 W.Va. 268, 67 S.E.2d 437, 441 (1951). *See also Tarr v. Keller Lumber & Construction Co.,* 106 W.Va. 99, 144 S.E. 881, 882 (1928) ("We are committed to the view that a statutory disregard constitutes 'actionable negligence' or 'prima facie negligence.' ")

While Meador's alleged violation of § 60–7–12 may not have been the immediate cause of the plaintiffs' injuries, West Virginia does not appear to embrace the notion that proximate cause means the immediate cause. Instead, the Supreme Court of Appeals of West Virginia has noted that proximate cause defies easy definition and "must be determined largely from the facts of the particular case." *Lilly v. Taylor,* 151 W.Va. 730, 155 S.E.2d 579, 589 (1967). The court has attempted to define proximate cause in a number of decisions, and the theme running through those decisions is that the proximate cause of any injury is the superior or controlling agency from which springs the harm, as distinguished

from causes which are merely incidental or subsidiary. *See Yates v. Mancari,* 153 W.Va. 350, 168 S.E.2d 746, 752–53 (1969). Moreover, the West Virginia court has made clear that separate and distinct acts of negligence of two or more persons constitute the proximate cause of an injury when they continue in unbroken sequence until the injury occurs, and directly and immediately contribute to and are the efficient cause of the injury. *Perry v. Melton,* 299 S.E.2d 8 (W.Va.1982); *Wilson v. Edwards,* 138 W.Va. 613, 77 S.E.2d 164, 172–73 and Syllabus Point 3 (1953). Further, the West Virginia court has decreed that whether the negligence of a defendant is the proximate cause of a plaintiff's injury is a question for the jury to determine. *Flanagan v. Mott,* 145 W.Va. 220, 114 S.E.2d 331, 336 (1960).

Based upon the foregoing analysis of West Virginia law, this court concludes that Meador's alleged negligence could be considered the proximate cause of the Walkers' injuries. It is entirely foreseeable, given the likelihood that patrons will drive after leaving a bar, that accidents such as the one alleged to have happened in this case will occur. Given the mandate of state law and the staggering costs of death and damage caused by drunk drivers, tavern owners should be aware of the dangers of serving drinks to intoxicated patrons.

Having concluded that Meador's alleged negligence could be considered the proximate cause of the Walkers' injuries, this court is confident that a West Virginia court would recognize that the Walkers have stated a common law cause of action in negligence against Meador. In light of W.Va.Code § 60–7–12 and the *Flanagan* line of cases, this court holds that under West Virginia law, tavern owners have a duty to refrain from selling alcohol to those individuals who, by industry standards, common experience or actual knowledge, the tavern owner knows or should know are intoxicated. Moreover, given the express purpose of the West Virginia statutory scheme regulating alcoholic beverag-

es, see W.Va.Code § 60–1–1,[1] this court believes the West Virginia courts would find this duty is owed to persons such as the plaintiffs in this case. Accordingly, this court so holds.

In spite of § 60–7–12 and *Flanagan*, Meador argues forcefully that a West Virginia court would still decline to impose civil liability upon a seller of intoxicating beverages under circumstances such as those alleged here. Such a position, however, would be at odds with the vast majority of reported decisions and the clear trend nationally in favor of recognizing liability. Courts construing the law of at least fifteen states [2] and the District of Columbia have imposed liability under the common law on vendors of intoxicating beverages for the injuries caused by persons purchasing such beverages while intoxicated. An additional twenty-three states have imposed such liability by enacting "Dram Shop" or "Civil Liability" statutes.[3] *See Corrigan v. United States of America*, 595 F.Supp. 1047, 1050 (E.D.Va.1984) (recognizing common law cause of action under Virginia law in same circumstances as here). This court cannot conclude that a West Virginia court would refuse to impose liability here in the face of such a pronounced trend and against the great weight of case law in other jurisdictions.

A final factor influencing this court's decision is the expressed willingness of West Virginia courts to expand the common law in the absence of specific legislative guidance. For instance, in *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978), the Supreme Court of Appeals of West Virginia recognized the right of at will employees to sue for discharges that contravene a substantial public policy. The court was also quick to recognize a cause of action for intentional infliction of emotional distress. *See Montelone v. Cooperative Transit Co.*, 128 W.Va. 340, 36 S.E.2d 475 (1945). Since West Virginia has been in the forefront of adapting the common law to meet today's needs, this court is confident that the West Virginia courts would continue that proud tradition were they called upon to decide the issue presented in this case.

### CONCLUSION

For the reasons set forth above, defendant Meador's motion to dismiss is denied.

### ORDER

On October 18, 1985, a hearing was held on motion of defendant Randy Wayne Meador, pursuant to Rule 12(b)(6) of the Fed. Rules Civ.Pro., to dismiss the plaintiffs' claims against him on the grounds that the plaintiffs had failed to state a claim for which relief could be granted. At the conclusion of the hearing, the court took the motion under advisement to allow defendant Meador 10 days to notify the court if Meador wished to have the court certify a question for decision to the West Virginia Supreme Court. On October 22, 1985, counsel for defendant Meador notified the court that Meador does not wish the court to certify any questions to the West Virginia Supreme Court. Thus, defendant's motion to dismiss will now be considered by the court.

For the reasons set forth in the accompanying memorandum opinion, it is hereby

### ORDERED

that defendant's motion to dismiss is denied.

The Clerk of Court is directed to send copies of this order and the accompanying

---

**1.** W.Va.Code 60–1–1 provides, in relevant part:
The purpose of this chapter is ... to assure ... the health, safety and good morals of the people of the state. To these ends the police power of the state is pledged to the sound control and the temperate use of alcoholic liquors.

**2.** Hawaii, Idaho, Indiana, Kentucky, Louisiana, Massachusetts, Mississippi, Missouri, New Jersey, South Dakota, Texas, Virginia, Washington, Wisconsin.

**3.** Alabama, Alaska, California, Colorado, Connecticut, Florida, Georgia, Illinois, Iowa, Maine, Michigan, Minnesota, New Mexico, New York, North Carolina, North Dakota, Ohio.

**354**

memorandum opinion to counsel for all the parties.