MILLER-TODD COAL COMPANY *v.* STATE COMPENSATION COMMISSIONER

(No. 7990)

Submitted September 5, 1934. Decided September 11, 1934.

*Myron B. Hymes,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines* and *R. Dennis Steed,* Assistant Attorneys General, for respondent.

WOODS, PRESIDENT:

Miller-Todd Coal Company, purchaser at a judicial sale of an operating coal property, complains of the action of the Commissioner in requiring it, upon becoming a subscriber to the Compensation Fund, to pay the maximum rate, based on the experience of the property purchased, instead of the base rate for such industry or business, and in refusing to refund all amounts paid in excess of such base rate, prior to the time when the experience of the business under appellant's management could be taken into account.

The charge of the maximum, instead of the base rate, was made under authority of Rule 19, section (c) of Rules of Practice and Procedure, theretofore promulgated by the Commissioner, or one of his predecessors, which provides: "Any employer electing to pay premiums into the Fund covering an industry or business, purchased or otherwise acquired, operated under the provisions of the Act during the twelve months last ended April thirtieth, shall be assigned to the sub-class indicated by the accident record of the plant, and shall pay the same premium rate as would have been paid by the plant had no change of ownership taken place."

The appellant contends that the ·rule aforesaid is outside the delegation of legislative authority, and that a construction bringing it within the act (Code 1931, chapter 23) would amount to an unwarranted delegation of legislative power and render such act unconstitutional as violative of the due process clause, or the equal protection clause, of the state and federal Constitutions.

We are of opinion that the delegation of specific authority to the commissioner to classify, reclassify, and to create additional groups or classes of industry for the purpose of assessments (Code 1931, 23-2-4), and to create and maintain a solvent fund (Code 1931, 23-2-5), warranted the promulgation of the rule complained of. And, it is well settled that it is not always necessary that statutes and ordinances prescribe a specific rule of action. As stated in a Note, 12 A.L.R. 1435, 1447, "Some situations require the vesting of some discretion in public officials, as, for instance, where it is difficult or impracticable to lay down a definite, comprehensive rule, or the discretion relates to the administration of a police regulation and is necessary to protect the public morals, health, safety, and general welfare." Where the rules promulgated under such grants are not arbitrary or unreasonable, they ordinarily will be upheld. In the absence of such a rule as the one in question, the Commissioner, due to frequent transfers of properties with high accident records, would be required to increase the rates, which he is directed by the act to keep to a minimum consistent with a solvent fund. The fact that the appellant purchased at a judicial sale does not take it out of the operation of the rule. It must also be observed that the appellant was not required to qualify under the compensation law, and having elected to do so will be deemed to have submitted to all reasonable and equitable rules theretofore promulgated under authority of the act. *Rhodes* v. *Coal Co.,* 79 W. Va. 71, 79, 90 S. E. 796.

The action of the commissioner is therefore affirmed.

*Affirmed.*